No. 738

JAMES v. OAKWOOD (Vil.)

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 791. Decided July 25, 1927.

1053. ROADS AND HIGHWAYS—Where highway is not formally dedicated by original proprietor, but is opened, improved, and actually used by public for several years, this constitutes dedication in fact, as between proprietor and public, and would also be binding upon Village, which, by extension by its limits, after such dedication, includes such highway.

829. NEGLIGENCE—Where village abandons road and erects barriers thereon, it is bound to use due care in maintaining such barriers, and village, after actual or constructive notice that they are broken down or removed may be held liable for negligence in respect thereto.

Error to Common Pleas.
Judgment reversed.

W. A. Swaney, Dayton, for James.

Matthews & Matthews, Dayton, for Oakwood Village.

BY THE COURT.

This action was brought by William J. James against the village of Oakwood to recover damages for injuries received to his automobile, by reason of the alleged negligence of the Village of Oakwood in failing to keep certain public road and bridge, within the limits of said village, in repair. It was alleged that the son of the plaintiff, in the exercise of due care and without actual knowledge of the condition, drove the automobile of the plaintiff on said roadway and bridge, and same was injured by reason of the defect in the bridge. Plaintiff claims damages in the sum of $500.

At the close of plaintiff's evidence, a motion was made by defendant, the Village of Oakwood, for an instructed verdict. This was temporarily overruled. The defendant offered certain evidence in its behalf and, when the case was finally submitted, the trial court sustained a motion for a directed verdict in favor of the defendant.

The trial court was of the opinion that there was no evidence tending to prove the establishment of the road as a public road. The defendant in error, by the argument of counsel and brief, also contends that the road had been properly barricaded by the public authorities and that there is not sufficient evidence to show that the defendant had been guilty of any negligence in respect to the barricading of the road.

We find, in the record, that, after these drives and roads had been established, constructed and opened up to the public by John H. Patterson, the village of Oakwood extended its limits and included the territory where the accident occurred. This territory included the portion occupied by the bridge in question. It was not, in our judgment, necessary that the public road should be formally dedicated to the public. The fact that the original road was opened up by John H. Patterson as a public road and thrown open to the public and improved for travel as a part of the system of roads in Hills and Dales, would be sufficient to justify the inference that it was a public road and when the corporation limits of the Village of Oakwood were extended so as to include the road in question, it was sufficient evidence on the subject of the dedication of the road, in our judgment, to require the case to go to the jury.

Upon the question as to whether the Village of Oakwood was negligent in not maintaining barriers to prevent the travel of said road, in view of the condition of the bridge, that, in our judgment, was also a question for the jury. Counsel, in the briefs, refer to the case of Dering v. City of Cleveland, 102 OS. 94. We think that case is distinguishable from the present case for the reason that the building of the foot-bridge, there, was purely a private enterprise.

We think this case is governed, rather by the case of the City of Dayton v. Rhotehamel, Administrator, 90 OS. 175.

When the Village abandoned the Lake Bridge Road and erected barriers thereon, as the evidence tends to prove, it was also bound to use due care in maintaing said barriers, and, if said barriers were broken down or removed so as not to be available as barriers on said road, the village, after actual or constructive knowledge, might be held liable for negligence in respect thereto.

While it is true that the highway in question was not formally dedicated by deed or other instrument of writing by the original proprietor, yet it was opened, improved, made a highway and was actually used by the public for several years. This would constitute a dedication in fact, as between the proprietor and the public using the same, and would also be binding upon the village by reason of its acceptance of the territory and, if the village desired to abandon the highway or any part thereof as a public road, it should be done by barriers maintained thereon, or otherwise, and in such manner as to warn the public against the use thereof.

We are therefore of the opinion that both the question of the dedication and maintenance of the road, as well as the question of its abandonment and the erection and maintenance of barriers, were questions to be submitted to the jury and the trial court erred in instructing a verdict in favor of the defendant.

(Ferneding, Kunkle and Allread, JJ., concur.)