### STATE ex STAPLES v SHEETS etc

Ohio Appeals, 4th Dist, Scioto Co
Decided April 9, 1930

Blair & Ball, Portsmouth, for State ex.
W. L. Dickey, Portsmouth, for Sheets.

BY THE COURT.

This is a proceeding in error from the the Court of Common Pleas of this county and is an action in mandamus whereby the plaintiff in error sought an order of that court against the defendant in error as chief of police of the City of Portsmouth requiring of him an enforcement of the provisions of **13049 GC.** which makes it unlawful to exhibit a moving picture show on Sunday. In the Common Pleas Court a general demurrer to the amended petition was sustained, and after an examination of that pleading we are convinced that there was no error in such disposition of the case by that court.

The amended petition demands that the Court of Common Pleas shall order the respondent "to take such course and do such acts by and thru the police department of said city" as will prevent the party or parties complained of from operating on Sunday. Again, "to arrest and prosecute any and all persons so violating the provisions of **13049 GC.** And again, "take such course of action as will effectually prevent ** and to take such steps and do such acts authorized by the laws of Ohio as will prevent any violation of the provisions of **13049 GC** by exhibitions of theatrical performances, to wit, motion picture shows". The petition specifies the places where the demands quoted shall be executed.

It is apparent, we think, that this amended petition undertakes to impose upon the Court of Common Pleas the duty of controlling the general course of conduct of the chief of police in respect to the violation of the section mentioned. It is well settled by the authorities that a duty enforcible by mandamus must be specific and definite and that it may not be one of a general character which leaves to the respondent any discretion in its performance. **State ex rel v. Murphy, 3 C. C. 332, 18 R. C. L., Section 33, page 119, 64 A. L. R. 975.** If an order by mandamus of the character demanded in this case may be issued similar orders may be demanded and required for the enforcement of any and all criminal statutes in this state. The effect of such authority, if allowed, would impose on the Court of Common Pleas such a control of the official conduct of police and other officers of that character as would require all of its time and service.

We find no precedent which supports the granting of such an order as is demanded in this proceeding, and the judgment of the Court of Common Pleas is affirmed.

Middleton, PJ., Mauck and Blosser, JJ., concur.