Weygandt, C. J.
 

 The statutes that are decisive of this controversy read as follows:
 

 “Section 3370. The township trustees shall have
 
 *242
 
 control of the township roads of their township and shall keep the same in good repair. * * *
 

 “Section 3374-2. All brush, briers, burrs, vines, Russian or Canadian, or common thistles or other noxious weeds growing along the public highway shall be cut between the first and twentieth days of June and the first and twentieth days of August of each year, and if necessary between the first and twentieth days of September of each year. This work shall be done by the township trustees in their respective townships, or by the township highway superintendent, if one be appointed, who may employ the necessary labor to carry out the provisions of this section. All expenses incurred shall, when approved by the township trustees, be paid from the township road fund by the township treasurer upon the warrant of the township clerk.
 

 “Section 3375. The township trustees shall cause the graveled and unimproved public roads of the township to be dragged in the manner hereinafter provided. At the beginning of each fiscal half year the township trustees, before making any other appropriations from the road fund in the township treasury, shall appropriate and set aside out of said fund a sum sufficient to meet the expense of dragging the graveled and unimproved public roads of the township during the ensuing six months. Such sum shall not be used for any purpose other than that for which it was appropriated. ’ ’
 

 The facts are not in dispute. Although a general denial was filed by the respondents, their counsel made no opening statement, did not cross-examine the relators’ witnesses, and presented no evidence. Hence the members of the Court of Appeals conducted the cross-examination of the relators’ witnesses.
 

 First, it is contended that there is no proof- of the fact that the respondents were township trustees. On
 
 *243
 
 the contrary, the respondent Taylor testified on cross-examination that he was then a township trustee and had held the position five years. Furthermore, he verified the answer as the president of the “Chester Township Board of Trustees, defendants in the foregoing action.”
 

 Another contention of the respondents is that in issuing the writ of mandamus the Court of Appeals attempted to control the discretion of the trustees in violation of the provision of Section 12285, General Code, which prohibits use of the writ to “control judicial discretion.” However, that statute expressly provides that “the writ may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions * * #.”
 

 Furthermore, Section 12283, General Code, defines mandamus as a “writ *
 
 *
 
 * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
 

 From the uncontradicted evidence the Court of Appeals found that the respondent trustees failed to discharge their duties or functions in that ‘ ‘ a segment on the south end of township road number 172, approximately one mile in length and adjacent to lands of the relators, is covered and overgrown with brush and briers so that it has become impassable for traffic and that the trustees of said Chester township have, for a period of more than fifteen years, failed, neglected and refused to perform their statutory duties of removing the brush and briers and dragging said highway or to expend any monies available for unimproved roads on said segment * * *.”
 

 The respondent Taylor himself testified as follows:
 

 “Q. During your term of office as township trustee, has any money whatever been given to the repair and improvement of that section of the road? A. No. * * *
 

 
 *244
 
 “Q. Did the board of trustees enter a resolution? A. I think there was.
 

 “Q. That you would go ahead and improve the road or repair it? A. Yes, we did at that time.
 

 “Q. About how long ago was that, Mr. Taylor? A. I don’t know whether it was in ’44 or ’45 for sure.
 

 “Q. But since that time you have expended no funds of the township for this action? A. No.”
 

 One of the relators testified that no repairs whatsoever had been made to this segment of the road in
 
 fifteen
 
 years.
 

 In view of such uncontradicted evidence it is not surprising that the Court of Appeals further found “that the neglect of said trustees constitutes an abuse of their discretion * *
 

 Are these statutory provisions fixing the duties of township trustees mandatory or merely directory? The repeated and consistent use of the word “shall” leaves nothing to conjecture. Section 3370,
 
 supra,
 
 provides that the township trustees
 
 shall
 
 keep the township roads in good repair. Section 3374-2 provides that brush, briers and weeds
 
 shall
 
 be cut. Section 3375 provides that the township trustees
 
 shall
 
 cause the graveled and unimproved public roads of the township to be dragged; that the trustees
 
 shall,
 
 before making any other appropriations from the road fund, appropriate and set aside out of said fund a sum sufficient to meet the expense of dragging the roads; and that such sum
 
 shall
 
 not be used for any other purpose. That the General Assembly intended this plain, unambiguous language to be mandatory is indicated further by the additional provisions of Section 13421-5, General Code, which read as follows:
 

 “If any * * * township trustee or township highway superintendent, wilfully neglects, fails or refuses to perform the duties of his office, he shall be fined not more than one hundred dollars, nor less than ten dol
 
 *245
 
 lars, and said conviction shall operate as a removal from office.”
 

 Manifestly the Court of Appeals was not in error in holding that these statutory provisions fixing the duties of township trustees are mandatory.
 

 However, the Court of Appeals not only ordered the respondents to perform their duties as to dragging the road and removing brush and briers but proceeded further and directed the respondents to expend “for such purposes, this year and-each succeeding year, at least one fifth of the funds available for unimproved roads in said township, until such time said road is improved to the standard which will make it available for other funds and at which time it shall he maintained in comparable condition with other roads of said township.” This court is of the view that the order to expend at least one-fifth of the township road fund is subject to the criticism of attempting to control discretion. Experience may disclose that the repair of this segment will cost more or less than one-fifth of the fund in a particular year. Hence, the judgment of the Court of Appeals is modified in this respect.
 

 Another contention of the respondents is that there is no proof of available funds. This is a defensive matter. It is not even pleaded in the answer, and the respondents offered no evidence whatsoever. The evidence of the relators discloses that funds were available for road purposes but that the respondents preferred to use the money elsewhere than on the segment in question.
 

 The judgment of the Court of Appeals is modified and affirmed as modified.
 

 Judgment modified and affirmed as modified.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.