ADAMSON et, Relators, v. WETZ et, Defendants.

Ohio Appeals, Second District, Montgomery County.

No. 2213.  Decided October 24, 1952.

Roy D. Boucher, Dayton, for relators.

Mathias H. Heck, Pros. Atty., Albert J. Dwyer, Asst. Pros. Atty., Dayton, for defendants.

## OPINION

By MILLER, J:

This is an original action in mandamus brought by the plaintiffs as abutting property owners and taxpayers seeking an order requiring defendants as Trustees of Van Buren Township, (1) to maintain, (2) to keep in good repair, (3) to keep from obstruction by snow, and (4) to cause to be dragged in accordance with §3375 GC, the roads enumerated in the petition, the names of which are not here important.

The petition alleges that portions of two of the roads enumerated are improved and other parts are graveled or unim-

proved, and that the others are all unimproved; that said roads were duly dedicated to the public use forever by all of the owners and lienholders of the land shown on a certain plat recorded in Plat Book X, page 33 of the Plat Book Records of Montgomery County, Ohio; that said dedication was accepted for highway and street purposes by the Board of County Commissioners of Montgomery County, Ohio, as of August 1, 1946; that said plat was approved by the Planning Commission of the City of Oakwood on July 22, 1946; that said roads have been used by the public continuously for a period in excess of three years and are now used by the public; that said roads are public highways of the State of Ohio other than state or county roads; that said roads are in such a condition that they, or parts thereof, are full of holes, deep ruts and other obstacles, and are in dire need of maintenance, repair and dragging; that a request was made on the defendants to comply with §§3370, 3374-1, 3374-2, 3375 and 7464 GC with reference to said roads, but defendants have failed, neglected and refused to so comply and will continue to do so unless ordered by the Court.

The answer admits the capacity of the parties, admits the dedication and acceptance of the roads by the Board of County Commissioners and the City of Oakwood and that the said roads have been used by the public continuously for a period in excess of three years, and are now used by the public. It denies that the said roads are public highways of the State of Ohio other than state or county roads, alleging that the same have never been established or improved by the State, County or Township; that these bodies have never at any time done anything concerning said roads that invited the public to make use of them as public highways. It denies that respondents have any legal obligation to maintain said roads, and denies every allegation in the petition not admitted to be true.

As a second defense defendants allege that they lack the necessary funds or the legal means to procure the same at the present time to repair or improve any highways under their control.

The record supports the allegations of the petition, that the roads enumerated are unimproved, that they are full cf holes, deep ruts and are in need of maintenance, repair and dragging; that from August 1, 1946, to December 31, 1946, and during the years 1947 to 1952, up to this date the defendants or their predecessors had funds available to them for road purposes and used such funds in Van Buren Township but used none of such funds for road work upon the roads for which a writ of mandamus is here sought; that the defend-

ants have never, before making any other appropriations from the road funds in the township treasury, appropriated and set aside out of said funds a sum sufficient to meet the expense of dragging the graveled and unimproved public roads of the township, including the roads for which this writ of mandamus is sought.

It is our opinion that the subject highways are township roads as defined by §7464-c GC, the record revealing that they were duly dedicated and accepted for road purposes by the City Planning Commission of Oakwood, being within the three mile limit, and the Board of County Commissioners of Montgomery County in accordance with §§6886 and 3586-1 GC. See **Federal Construction Co. v. Neiheisel, 156 Oh St 392, 46 O. O. 233; Robinson v. Swing, et al., Commrs., 70 Oh Ap 83.**

The respondents insist that even though these highways are township roads there is no duty upon them to maintain the same until they have opened them to public travel or in some manner invited the public to use the same for highway purposes. See **Dayton v. Rhotehamel, 90 Oh St 175.** The record does not disclose that these respondents ever opened these roads to public travel or ever knowingly performed any acts to maintain them, although some snow was removed from them on one occasion by a township employee by mistake, but the evidence does show that prior to the acceptance of the plat by the County Commissioners and the Planning Commission these roads were opened to public travel and the defendants admit that they have been used by the public continuously for a period in excess of three years. By accepting the territory embodied in the plat as previously stated the respondents became bound by the prior opening of the same to public use as much as if they had actually done it themselves.

In **James v. Oakwood, 5 Abs 667,** this Court under a parallel state of facts said:

"While it is true that the highway in question was not formally dedicated by deed or other instrument of writing by the original proprietor, yet it was opened, improved, made a highway and was actually used by the public for several years. This would constitute a dedication in fact, as between the proprietor and the public using the same, and would also be binding upon the village by reason of its acceptance of the territory, and, if the village desired to abandon the highway or any part thereof as a public road, it should be done by barriers maintained thereon, or otherwise, and in such manner as to warn the public against the use thereof.

The facts in the case at bar differ from those in the City of Dayton v. Rhotehamel, supra, in that in the cited case

there was no evidence that the streets had been opened to public travel as we have here.

In giving consideration to the relief, if any, to which the plaintiffs are entitled, we find that §3374-1 and 3375 GC impose certain mandatory duties upon township trustees in maintaining their highways. These sections provide:

"Sec. 3374-1 GC. Removal of obstructions. It shall be the duty of the township trustees to cause all the highways within the township, including the state, county and township roads, to be kept free from obstruction by snow. The cost and expense thereof shall be paid from the road funds of the township."

"Sec. 3375 GC. Dragging graveled and unimproved roads semi-annually.—The township trustees shall cause the graveled and unimproved public roads of the township to be dragged in the manner hereinafter provided. At the beginning of each fiscal half year the township trustees, before making any other appropriations from the road fund in the township treasury, shall appropriate and set aside out of said fund a sum sufficient to meet the expense of dragging the graveled and unimproved public roads of the township during the ensuing six months. Such sum shall not be used for any purpose other than that for which it was appropriated."

The duties and obligations of these respondents under the above quoted statute are well defined in **State, ex rel. Rogers, et al. v. Taylor, et al. 152 Oh St 241,** as follows, syllabus 1, 2 and 3:

"Under the provisions of §§3370, 3374-2 and 3375 GC, township trustees are charged with the duties to repair and drag township roads and to cut all brush, briers and weeds growing along such public highways.

"These provisions are mandatory.

"The duties enjoined thereby may be commanded by a writ of mandamus."

We are therefore of the opinion that the plaintiffs are entitled to a writ commanding the respondents to keep the subject highways free from obstruction by snow and also an order causing the same to be dragged in accordance with §3375 GC.

Considering next the other relief sought we are of the opinion that the defendants' duty to maintain and keep said roads in good repair is mandatory. (State, ex rel. v. Taylor, supra.) However, since the amount to be spent for the same requires the exercise of a sound discretion, no order can be issued requiring that certain work be performed. It is well settled that a duty enforceable by mandamus must be specific and definite and may not be one of a general character which

leaves to the respondent any discretion in its performance. State, ex rel. v. Sheets, 8 Abs 316; State, ex rel. v. Murphy, 3 O. C. C. 332; State, ex rel. v. Taylor, supra; 25 O. Jur. 991. The writ will be allowed as heretofore indicated.

HORNBECK, PJ, and WISEMAN, J, concur.