CLEMENTS, Appellee,

v.

TRUSTEES OF MONROE TOWNSHIP, CLERMONT COUNTY, Ohio, Appellants.

[Cite as *Clements v. Monroe Twp. Trustees* (1996), 117 Ohio App.3d 1.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–07–055.

Decided Dec. 9, 1996.

*Burreson, Bradford & Hill* and *Allen L. Burreson*, for appellee.

*Donald W. White*, Clermont County Prosecuting Attorney, *David J. Frey* and *Mary Lynne Birck*, Assistant Prosecuting Attorneys, for appellants.

WALSH, Presiding Judge.

Defendants-appellants, Monroe Township Trustees, in Clermont County, Ohio, appeal an order of the Clermont County Court of Common Pleas granting the petition for a writ of mandamus of plaintiff-appellee, Kenneth E. Clements.

In 1986, appellee bought an eight-acre piece of land in Monroe Township, Clermont County, Ohio. The sole means of ingress to and egress from appellee's property is through Dry Run Road, a dead-end single-lane road that runs from State Route 232 to appellee's property. The road runs parallel to Dry Run Creek except at two points where it crosses it by fords. By stipulations filed April 11, 1996, the parties stipulated that Dry Run Road (1) is the only means of ingress to and egress from appellee's property, (2) is a 0.7 mile public township road located in Monroe Township, and (3) is identified in the records of Monroe Township and the state of Ohio as Township Road T-31.

In the 1950s, five families lived on the property, which was then used as a minifarm to raise goats and sheep. Two-wheel-drive cars drove up to the property then. Appellee testified that the property owners before him had campers on the property.

Appellee testified that the road was "kind of rough" in 1986 but that it was passable after he made a few repairs to it. At the time appellee bought the property, Cincinnati Gas & Electric Company had stretched a cable across the entrance of the road as a deterrent to the misuse of the road by vandals and

drivers of four-wheel-drive vehicles, as well as a protection for its power lines. The power lines are located approximately one hundred fifty yards up the road. Appellants removed the cable in 1993. Appellee testified that following the removal of the cable, there was "foul use" of the road, which damaged the road. Appellee testified that the road is now so deteriorated that one cannot get to the property by car even with a four-wheel-drive vehicle.

Appellee further testified that since he bought the property, appellants have not performed any repairs or done any work on the road. This statement was confirmed by Williams Havens, a Monroe Township trustee, who testified that appellants have not done any maintenance work on the road since appellee bought his property. Havens testified that "as far as * * * [the] Township goes, * * * back in the 50's is when they really actually did any work to the road and what they did is dragged it once or twice a year with a scraper."

Following appellants' removal of the cable, appellee contacted appellants with regard to repairing the road. Appellee testified that he "got put off and put off over the [last] three years." Appellants eventually asked for bids, received several bids, but did not accept any.

On January 20, 1995, appellee filed a complaint in mandamus against appellants seeking to compel appellants "to improve, construct and maintain to legal specifications Dry Run Road." A hearing was conducted on April 11, 1996. By judgment entry filed June 7, 1996, the trial court granted appellee's petition for a writ of mandamus and ordered appellants "to improve, widen, construct, repair, and maintain Dry Run Road and construct any necessary culverts and fords that may be required to make Dry Run Road a safe and passable road."

Appellants timely filed this appeal. In their sole assignment of error, appellants argue that "the trial court exceeded its authority in issuing a writ of mandamus ordering appellant township to construct culverts on Dry Run Road, to widen the road, and to enhance fords along the road."

R.C. 2731.01 defines mandamus as a writ "commanding the performance of an act which the law specifically enjoins as a duty resulting from an office." A writ will not be issued unless the relator shows (1) a clear legal right to relief, (2) a clear legal duty on the part of the respondent to perform the requested act, and (3) no plain and adequate remedy in the ordinary course of law. *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 37, 374 N.E.2d 641, 641–642.

Pursuant to R.C. 5535.01, all roads in Ohio are classified as state roads, county roads, or township roads. R.C. 5535.01(C) specifically defines township roads as "all public highways other than state or county roads."[1] R.C. 5535.01(C) further

---

1. In light of R.C. 5535.01, which clearly classifies all roads in Ohio in three different categories, and in light of the fact that each category of roads has a specifically applicable

provides that "[t]he board of township trustees *shall maintain* all such roads within its township." (Emphasis added.) R.C. 5535.08 similarly provides that "[t]he state, county, and township *shall each maintain* its roads, as designated in [R.C.] 5535.01 * * *."

R.C. Chapter 5571 governs the board of township trustees. R.C. 5571.02 provides that "[t]he board of township trustees shall have control of the township roads of its township and *shall keep them in good repair*." (Emphasis added.) R.C. 5571.12 governs dragging graveled and unimproved roads semiannually and provides in part:

"The boards of township trustees *shall cause the graveled and unimproved public roads of the township to be dragged*. At the beginning of each fiscal half year the board, before making any other appropriations from the township road fund, shall appropriate and set aside a sum sufficient to meet the expense of dragging the graveled and unimproved public roads of the township during the ensuing six months. Such sum shall not be used for any purpose other than that for which it was appropriated." (Emphasis added.)

It is well established that the foregoing statutory provisions, which require township trustees to keep their township roads maintained and in good repair and to drag them, are mandatory and that "the duties enjoined thereby may be commanded by a writ of mandamus." *State ex rel. Rogers v. Taylor* (1949), 152 Ohio St. 241, 40 O.O. 288, 89 N.E.2d 136, syllabus. It is also well established that the foregoing statutory provisions apply to all township roads, improved or unimproved, and do not give township trustees discretion to leave certain roads or portions thereof unmaintained. *State ex rel. Ramey v. Porter Twp. Trustees* (C.P.1971), 28 Ohio Misc. 215, 216–218, 57 O.O.2d 419, 420, 277 N.E.2d 245, 246–247.

In the case at bar, the record, which includes photographs of the road, shows that the road is unimproved and is in dire need of maintenance, repair, and dragging. Both appellee and Havens testified that appellants have not made any repairs or done any type of work, including maintenance work, to the road since at least 1986. Such failure on the part of appellants to keep Dry Run Road in good repair, to maintain it, and to drag it is in violation of R.C. 5535.01(C), 5535.08, 5571.02, and 5571.12. In light of the foregoing, we find that appellee is entitled to a writ ordering appellants to repair and maintain Dry Run Road.

Appellants argue, however, that the trial court exceeded its authority when it ordered that certain work be performed, namely to widen the road and to

Revised Code Chapter, we decline to apply to the case at bar, as suggested by appellants, any Revised Code Chapters other than Chapters 5535, 5571, and 5579.

construct culverts and fords to make the road a safe and passable road. Appellants contend that the order is subject to the criticism that the court is attempting to control their discretion. Appellants also contend that the construction of culverts, the widening of a road, and the enhancing of fords over a creek are improvements, which are discretionary under R.C. 5571.01, and not repairs or maintenance, which are mandatory.

While it is well established that a trial court does not have the authority to direct township trustees as to the amount of money they should spend on each township road or to perform certain work, *Adamson v. Wetz* (App.1952), 69 Ohio Law Abs. 281, 285–286, 124 N.E.2d 832, 834, we are of the opinion that the trial court's order is not an attempt to control appellants' discretion. While the trial court ordered appellants to widen the road, it did so after Havens, a Monroe Township trustee, testified that the township was willing to widen the road to an acceptable eight- to ten-foot width so that a car, a pickup, or a four-wheel-drive vehicle could get up the road.

With regard to the culverts and fords, the trial court ordered appellants "to construct any *necessary* culverts and fords that *may be required* to make Dry Run Road a safe and passable road." Contrary to appellants' contention, we find that this language gives broad discretion to appellants as to the type of work to be performed to make the road safe and passable. We further find that the construction of any necessary culverts and fords so as to repair a road that, by appellants' own admission, has not been maintained or repaired at all by appellants for at least ten years is more in the nature of maintenance that would bring the road back to where it would have been had the required maintenance been performed.

We therefore hold that the trial court did not err in granting appellee's petition for a writ of mandamus. Appellants' sole assignment of error is overruled, and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG and POWELL, JJ., concur.