DECISION AND JUDGMENT ENTRY
This is an original mandamus action brought by Danny Simms against the York Township Trustees ("Trustees.") Simms alleged that the trustees have failed to repair and maintain York Township Road 277, as required by R.C. 5571.02. He seeks a writ of mandamus. directing the Trustees to "maintain and keep open York Township Road 277 * * *." Because we find that York Township Road 277 is a duly dedicated township road that has not been vacated, the Trustees have a mandatory duty to keep it in good repair. Accordingly, we grant Simms' request for a writ.
 I.
Simms filed a complaint in this court alleging that the Trustees are responsible for the maintenance and repair of all township roads pursuant to R.C. 5571.02. In this complaint, he also asserts that York Township Road 277, which abuts Simms' property, is a "duly dedicated Township road * * *, and is the sole access to that portion of his property." According to Simms' complaint, York Township receives funds from the Ohio Department of Transportation ("ODOT") to maintain three quarters of a mile of York Township Road 277. Simms alleges that the Trustees have failed to maintain the road, even though he has requested, in writing and by appearing at Trustee meetings, that the Trustees "perform their statutory duty and maintain said Township Road * * *."
In their answer, the Trustees admit that pursuant to R.C.5571.02 they are responsible for the maintenance and repair of all township roads, and that they receive funds for a portion of York Township Road 277. The Trustees deny the remainder of the allegations in Simms' complaint and assert two defenses. First, they argue that the complaint fails to state a claim against them for which relief can be granted. They assert that York Township Road 277 has not been passable or used for a period exceeding twenty-one years; and that in order to make it passable, they would have to improve the road, a discretionary function. Second, they argue that the action Simms seeks is a discretionary function of the Trustees.
We ordered the parties to submit evidence in accordance with our Loc.R. 16 Section (7).
In response, Simms filed exhibits and affidavits. Seven York Township residents swore in affidavits that the portion of York Township Road 277 for which York Township receives funding has been open for public use within the last twenty-one years. Simms filed certified copies of several deeds, which referred to Minkers Run Road. He also filed two maps of York Township with the notation "received from Michael W. Canterbury, Athens County Engineer, Dept." Each map depicts two roads in the relevant area. In the first map, labeled Exhibit 14, the road labeled T-277 stretches from T-251 to T-367. In the second map, labeled Exhibit 15, there is no T-277. Instead, a shorter road, labeled Minker's Run Road begins at T-251, but is much shorter. T-566 connects with T-276 further north. In other words, T-566 is situated further north in the second map, and there is no T-277 in the second map. Neither map has a legend or is dated.
The Trustees filed exhibits and affidavits. James L. Pancake swore in an affidavit that (1) he is the York Township Board of Trustees President, (2) York Township Road 277 exists only as a right of way, (3) while York Township receives highway funding from ODOT for a portion of York Township Road 277, the Trustees have neither maintained nor repaired the right of way for a period in excess of twenty-one years, (4) as it currently exists, York Township Road 277 is neither passable nor a road, and (5) there are houses built near the right of way and driveways that utilize part of the right of way.
Michael W. Canterbury, the Highway Maintenance Superintendent for Athens County, swore in his affidavit that York Township Road 277 exists as a right of way only and authenticated certified copies of the ODOT Road Inventory System for York Township. These records indicate that York Township Road 277 exists only as a right of way, and that York Township Road 566 is also known as Minkers Run Road and is a gravel or stone road.
In her affidavit, Mary Ellen Hurd, the York Township Board of Trustees Clerk, authenticates copies of the "Record of Proceedings" of the Trustees. The record of a 1960 meeting refers to York Township Road 277 as "Minker Run Rd." The record of a 1973 meeting shows that the Trustees approved the installation of a culvert on Minker Run Road. The 1974 record indicates that the Trustees discussed closing Township Road 566. In response, the trustees adopted the following resolution:
 "* * * WHEREAS, York Township Trustees feel that in the event said Twp. Rd. 566 is closed, the Township will be compelled to open portion of old Twp. Rd. 277, and WHEREAS, York Township Trustees find that said Twp. Rd. 277 had been torn out by coal strippers and it would cost thousands of dollars to re-open it, THEREFORE, York Township Trustees wish to keep Twp.Rd. 566 open."
The 1982 record indicates that the Trustees considered closing York Township Road 277, but decided against it. Hurd swears in her affidavit that the Trustees actually discussed closing York Township Road 566, not York Township Road 277. The 1990 record indicates that Minker Run Road is now officially closed, and Wayne National Forest will put up a gate.
The Trustees also filed certified copies of several documents. A January, 1990 letter summarized a resolution by the Trustees abandoning a right of way to Township Road 566, "located in York Township, * * * beginning at * * * the intersection of the Wayne National Forest Property boundary, thence along said right-of-way of Minkers Run Road, York Township Road #566 to its termini at junction of Athens County Road #73 * * * being 1.89 miles in length and surrounded entirely by Wayne National Forest."
Neither party introduced photographic evidence of the current condition of York Township Road 277.
From this evidence, we conclude that York Township Road 277 (1) is a duly dedicated township road, (2) was made impassable by strip mining, (3) exists currently only as a right of way, but has not been vacated.
 II.
Mandamus is an extraordinary writ and will not lie unless the relator can establish two things: (1) a clear legal right to the writ and (2) that there is no plain and adequate remedy in the ordinary course of the law. State ex rel. Stanley v. Cook (1946), paragraphs one and three of the syllabus; State ex rel. Pressleyv. Industrial Commission (1967), 11 Ohio St.2d 141, paragraph one of the syllabus. However, mandamus cannot be used to enforce performance of a discretionary act. State ex rel. Crabtree v. Bd.of Health (1997), 77 Ohio St.3d 247, 248-249; State ex rel. Cityof Niles v. Bernard (1978), 53 Ohio St.2d 31; Neiman v. Donofrio
(1992) 86 Ohio App.3d 1.
"The board of township trustees shall have control of the township roads of its township and shall keep them in good repair." R.C. 5571.02. R.C. 5571.02 imposes a mandatory duty on township trustees to repair township roads; such duty may be commanded by a writ of mandamus. State ex rel. Rogers v. Taylor
(1949), 152 Ohio St. 241, paragraphs one, two and three of the syllabus.
"The board of township trustees may construct, reconstruct, resurface, or improve any public road or part thereof under its jurisdiction * * *." R.C. 5571.01 (A). The duty to construct, reconstruct, or improve a township road is discretionary. Cf.State ex rel. Lee v. Montgomery (2000), 88 Ohio St.3d 232, 236 (statute providing "attorney general may investigate * * *" vests discretionary authority in attorney general). "Absent an abuse of discretion, mandamus cannot compel a public official to act in a certain way on a discretionary matter." Lee at 235, citingCrabtree, supra. However, it is well established that R.C.5571.01 (A) does not give township trustees the discretion to leave certain roads or portions of roads unmaintained. Clementsv. Monroe Twp. Trustees (1996), 117 Ohio App.3d 1, 4, citingState ex. rel Ramey v. Porter Twp. Trustees (C.P. 1971), 28 Ohio Misc. 215,216-8.
The trustees statutory duties to maintain township roads "remain enforceable until the `dedicated' status of the township road has been vacated by the county commissioners[,] * * *" even if the road has not been used by the public for twenty-one years.State ex. rel Jones v. Smith (May 15, 1998), Trumbull App. No. 97-T-0178, unreported. See, also, Salyers v. McArtor (Feb. 5, 1993), Licking App. No. 92-CA-80, unreported (township trustees' statutory duties to maintain township roads enforceable as long as dedicated status of the road is not vacated); D'Abate v. Zorn
(Oct. 14, 1988), Lake App. No. 12-169, unreported (township trustees' duties to maintain township roads can be divested only by Board of Commissioners as a part of formal proceeding to vacate); 1977 Ohio Atty.Gen.Ops. No. 77-028.
Since we have found that York Township Road 277 is a duly dedicated township road that has not been vacated, the Trustees have a duty to keep it in good repair.
Accordingly, we grant Simms' request for a writ of mandamus.WRIT GRANTED. Costs to Respondent.
Evans, J.: Concurs in Judgment Only, Harsha, J.: Concurs with Attached Concurring Opinion.
 ________________________________ Roger L. Kline, Presiding Judge