DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied mandamus relief to Harry, Ryan, Wilson and Mary Lou Ross, relators below and appellants herein, on their claim against the Saltcreek Township Trustees, James Fox, Sam Fox and David Mosley (Trustees), respondents below and appellees herein. The following error is assigned for our review:
"THE TRIAL COURT APPLIED THE WRONG STANDARD AND BURDEN OF PROOF TO THE FACTS IN HOLDING THAT THE RELATORS HAD TO PROVE A COMMON LAW DEDICATION OF THE ROAD TO THE PUBLIC IN ORDER TO OBTAIN A WRIT OF MANDAMUS COMPELLING THE TOWNSHIP TRUSTEES TO MAINTAIN A TOWNSHIP ROADWAY."
 {¶ 2} Appellants are landowners in Saltcreek Township whose properties abut a roadway known as "Combs Road."[1] Combs Road was never "officially dedicated" as a public road and no deed to any adjacent property makes mention of it. Nevertheless, the road has been used and maintained over the years and has been included by SaltCreek Township in its request for reimbursement from the Ohio Department of Transportation (ODOT) for road maintenance.[2]
 {¶ 3} On June 25, 2001, appellants filed a complaint against the Trustees and alleged (1) that the Trustees had a legal duty to maintain Combs Road "from its point of origin to its [endpoint on] the eastern border of Pickaway County," (2) that the Trustees refused to carry out that duty, and (3) that the adjoining landowners had a right to have the roadway maintained. Appellants asked for a writ of mandamus to compel the Trustees to carry out their legal duty and to maintain Combs Road.[3]
The Trustees denied that they had any legal duty to maintain Combs Road and asserted, as affirmative defenses, estoppel and waiver based on appellants' actions of closing off public access to Combs Road with a gate.
 {¶ 4} The parties eventually stipulated that by virtue of its use and maintenance over the years, Combs Road did exist as a duly dedicated roadway of at least .529 miles. The parties disagree, however, whether the road extended beyond that point. Appellants argued that Combs Road actually extended further east to a point approximately .88 miles from State Route 56. The Trustees, on the other hand, contended that no clear evidence reveals that Combs Road exists beyond the .529 mile mark.
 {¶ 5} At the September 11, 2002 hearing the trial court heard both live testimony and considered a number of stipulated exhibits, including deposition transcripts. Subsequently, the court filed a detailed decision and found in favor of appellees. After its review of the stipulated exhibits and the evidence adduced at the hearing, the court concluded that the appellants had not proven that Combs Road ever existed beyond the .529 miles conceded by the Trustees. Thus, the trial court found that the Trustees are under no legal duty to maintain the disputed portion of the road and that appellants are not entitled to a writ of mandamus. This appeal followed.
 {¶ 6} Appellants argue in their assignment of error that the trial court erred in ruling against them. We disagree. Our analysis begins with the fundamental premise that a writ of mandamus will not be granted unless it can be shown that (1) the relator has a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested act, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. See State ex rel. Ferguson v.Court of Claims of Ohio, Victims of Crime Div., 98 Ohio St.3d 399,786 N.E.2d 43, 2003-Ohio-1631, at ¶ 10; State ex rel. Fenley v.Kiger (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493; State ex rel.Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 399 N.E.2d 81, at paragraph one of the syllabus.
 {¶ 7} The duty/right at issue herein is the one to maintain public roadways. Ohio law states that the boards of township trustees shall have control of the township roads in their townships and shall keep them in good repair. R.C. 5571.02. These provisions are mandatory and can be enforced through a writ of mandamus. State ex rel. Rogers v. Taylor
(1949), 152 Ohio St. 241, 89 N.E.2d 136, at paragraphs two and three of the syllabus; also see Adamson v. Wetz (App. 1952), 69 Ohio Law Abs. 281, 285, 124 N.E.2d 832; State ex rel. Pund v. Walton Hills (Mar. 7, 2002), Cuyahoga App. No. 78975.
 {¶ 8} In the case sub judice, it appears that Combs Road is not an officially dedicated roadway. Neither party produced records of an official dedication and both sides stipulated that no such records exist. However, a thoroughfare can still be dedicated for use as a public road pursuant to principles of common law. Lessee of Fulton v.Mehrenfeld (1858), 8 Ohio St. 440, at paragraph one of the syllabus. A common law dedication can be proven upon showing: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner evidenced by some unequivocal act to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. Neeley v. Green (1991), 73 Ohio App.3d 167, 170,596 N.E.2d 1052; Mastera v. Alliance (1987), 43 Ohio App.3d 120, 121,539 N.E.2d 1130; Vermilion v. Dickason (1976), 53 Ohio App.2d 138,140-141, 372 N.E.2d 608.
 {¶ 9} The parties essentially agree that Combs Road exists by virtue of a common law dedication. Their dispute is over the precise length of the road. This is fundamentally a factual issue and the trial court found that appellants did not prove that the road exists beyond the .529 miles conceded by the Trustees. We find no error in that decision.
 {¶ 10} The evidence below was contradictory and inconclusive as to whether Combs Road extended .88 miles. Wilson Ross testified that Combs Road ran from State Route 56 east "[t]o the Hocking County Line. Samuel Fox, a Trustee, testified that Combs Road only extends about "a half mile." Several stipulated maps were introduced into evidence, but we cannot discern whether they support appellants' argument. The county map for Saltcreek Township, the 1999 Pickaway County Agricultural Services Map and the Pickaway County Engineer's Office Map of Saltcreek Township show Combs Road extending part way across Section 25 of the Township. We have found nothing in the record, however, to establish whether that portion of the road extends .529 miles or .88 miles. In either event, they do not show Combs Road extending to the border of Hocking County as Mr. Ross testified. Appellants rely on a map from an 1871 Atlas which they contend shows Combs Road extending to the Hocking County line. We have examined that same map, however, and are unclear as to the location and the length of Combs Road. ODOT records from 1929 show Combs Road as .88 miles, but testimony also shows that ODOT listed the road 7/10 of a mile in 1953.
 {¶ 11} Factual determinations in a mandamus action are reviewed under a manifest weight of the evidence standard. See Davidson v. HangingRock (1994), 97 Ohio App.3d 723, 730-731, 647 N.E.2d 527; State ex rel.Cottrill v. Meigs Cty. Bd. Of Mental Retardation Dev. Disabilities
(1993), 86 Ohio App.3d 596, 602, 621 N.E.2d 728; Karmasu v. Tate (May 8, 1995), Scioto App. No. 94CA2274. That is to say, a trial court's judgment will not be reversed on a factual issue so long as it is supported by some competent, credible evidence going to all essential elements of the case. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989;Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24;Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 12} The trial court found that appellants did not carry their burden to prove that Combs Road extended .88 miles. We find no error in that determination. As we noted above, the evidence was largely inconclusive and contradictory. We again emphasize that weight of the evidence and the credibility of witnesses are issues for the trier of fact. Cole v. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,777-778, 696 N.E.2d 289; GTE Telephone Operations v. J HReinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808,2002-Ohio-2553, at ¶ 10; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. The trier of fact is better able than an appellate court to view witnesses and to observe their demeanor, gestures, and voice inflections and to use those observations in weighing credibility. Myersv. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. The trier of fact is therefore free to believe all, part or none of the testimony of any witness who appears before it. Rogers v. Hill (1998),124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co.
(1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; also see State v. Nichols
(1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
 {¶ 13} In the case at bar, the trial court apparently afforded little weight to evidence that shows Combs Road extends beyond .529 miles. This is well within the court's province. We also acknowledge that the trial court judge viewed the roadway. While that view was not evidence per se, West Union v. Bischoff, Adams App. No. 02CA739,2002-Ohio-6169, ¶ 18, it did give the court a perspective through which to view the evidence — a perspective that this Court does not have by a review of the transcript and the exhibits. We thus find no error in its decision that appellants failed to prove the Combs Road exists any further than .529 miles.
 {¶ 14} Appellants counter that "this is a simple case with a simple compelling precedent" — namely our previous decision inState ex rel. Simms v. York Twp. Trustees (Jul. 14, 2000), Athens App. No. 99CA39. The issue in Simms was whether York Township in Athens County had a duty to maintain a road that had not been used as a road for many years and was impassable. We held that the township did indeed have a duty and that the failure to use the road did not relieve the township of its statutory duty to maintain it. We held that only an official abandonment would relieve the township of its maintenance responsibilities under law.
 {¶ 15} We find that Simms does not fully address the issue present in the instant case. The existence and length of the road was a given inSimms; there was no question that the road existed precisely where the parties claimed it was.[4] By contrast, in this case the Trustees argued, and the trial court found, that Combs Road did not extend beyond the .529 mile mark. Had the trial court found that Combs Road existed the entire .88 miles claimed by appellees, we would, in that event, agree that our Simms holding requires the Trustees to maintain the entire .88 miles of the road, regardless of its lack of use. That was not the court's holding, however. Rather, the trial court made a factual determination that Combs Road was not proven to have existed beyond .529 miles. This is consistent with our holding in Simms and, pursuant to that case, the Trustees are obligated to maintain that .529 mile roadway for as long as it exists.
 {¶ 16} For all these reasons, we find no merit in the assignment of error and it is accordingly overruled. We hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Harry and Wilson Ross are brothers who jointly acquired the land along Combs Road in 1979 and have used it as part of their 3,000 acre farming operation. Ryan and Mary Lou Ross are apparently their children.
[2] Combs Road apparently runs due east from State Route 56 toward the border between Pickaway and Hocking Counties.
[3] Appellants later filed an amended complaint joining other property owners along Combs Road as party defendants alleging that they might have an interest in the outcome of the proceeding.
[4] We also point out that Simms came before us as an original action for Mandamus and this Court made the factual finding that the township road in that case existed as a duly dedicated road. The case sub judice comes to us by way of appeal, however, and we are confined to the factual determinations that the trial court made so long as those determinations are supported by some competent and credible evidence.