[Cite as *Mezger v. Horton*, 2013-Ohio-2964.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

STEVE MEZGER,                                    :

    Plaintiff-Appellant,                    :        CASE NO.   CA2012-12-023

    - vs -                                         :        O P I N I O N
                                                                7/8/2013

                                                   :

JOSEPH HORTON, et al.,                   :

    Defendants-Appellees.               :

CIVIL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. CVF1200255

Donald K. Swartz, 285 East Main Street, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

Jeffrey C. Turner, David B. Shaver, One Prestige Place, Suite 700, Miamisburg, Ohio 45342, for defendants-appellees, Joseph Horton, Barbara Watson & Hank Dingus

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Steve Mezger appeals a decision of the Brown County Court of Common Pleas, awarding summary judgment in favor of defendants-appellees, Joseph Horton, Barbara Watson, and Hank Dingus.

{¶ 2} Mezger farms land located in Sterling Township. In order for Mezger to access the farmland, Mezger drives his farm equipment on Steward Harbough Road. In October

2011, Mezger felt that he could not drive his new and wider combine down Steward Harbough Road because the trees and brush had become overgrown during the summer. Mezger contacted Horton, Watson, and Dingus, who are Trustees for Sterling Township (the Trustees). Mezger asked the Trustees to trim the overgrowth and to have the residents on Steward Harbough Road move their mailboxes away from the road to accommodate his larger combine. When the Trustees had not trimmed the brush, Mezger took it upon himself to cut the trees and vegetation along the road. He then submitted an invoice for $1,863 to the township for payment. When the Trustees did not pay the invoice, Mezger filed suit.

{¶ 3} Mezger alleged in his complaint that (1) the Trustees had a statutory duty to keep the road free from obstructions according to R.C. 5571.02 and R.C 5579.08, (2) he was owed punitive damages because the Trustees had failed to investigate and eliminate a known safety hazard, and (3) the Trustees should be removed from office for their neglect to perform official duties. The Trustees moved for summary judgment, arguing that Mezger did not have a private right of action regarding the Trustees' duty to maintain the roadways. The magistrate agreed, and granted summary judgment in favor of the Trustees. Mezger filed objections to the magistrate's opinion, which were overruled. The trial court then adopted the magistrate's opinion, and entered summary judgment in favor of the Trustees. Mezger now appeals the trial court's ruling, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN GRANTING DEFENDANTS/APPELLEES SUMMARY JUDGMENT IN THAT PLAINTIFF/APPELLANT FAILED TO ALLEGE A CAUSE OF ACTION AND/OR THAT DEFENDANTS/APPELLEES WERE IMMUNE FROM LIABILITY.

{¶ 5} Mezger argues in his assignment of error that the trial court erred in granting summary judgment in favor of the Trustees. However, Mezger does not challenge the trial court's grant of summary judgment specific to the punitive damages or removal from office.

Therefore, this court will analyze the summary judgment claim as it relates to the statutory duty to maintain the township's roadways.

{¶ 6} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Grizinski v. American Express Financial Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945 (12th Dist.). Civ.R.56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 7} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein,* 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. No. CA2001-06-056, 2001 WL 1567352,*2 (Dec.10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 8} According to R.C. 5571.02,

> The board of township trustees shall have control of the township roads of its township and, except for those township roads the board places on nonmaintained status pursuant to section 5571.20 of the Revised Code, shall keep them in good repair. The board of township trustees, with the approval of the board of county commissioners or the director of transportation, may maintain or repair a county road, or intercounty highway, or state highway within the limits of its township.
>
> In the maintenance and repair of roads, the board of township trustees may proceed in any of the following methods:

(A) It may designate one of its number to have charge of the maintenance and repair of roads within the township.

(B) It may divide the township into three road districts, in which event each trustee shall have charge of the maintenance and repair of roads within one of those districts.

(C) It may appoint some competent person, not a member of the board of township trustees, to have charge of maintenance and repair of roads within the township, who shall be known as "township highway superintendent" and shall serve at the pleasure of the board.

The method to be followed in each township shall be determined by the board of township trustees by resolution entered on its records.

{¶ 9} According to R.C. 5579.08,

All brush, briers, burrs, vines, and noxious weeds growing along the public highway shall be cut or destroyed between the first and twentieth days of June, the first and twentieth days of August, and, if necessary, between the first and twentieth days of September of each year or whenever necessary to prevent or eliminate a safety hazard. This work shall be done by the board of township trustees in its respective township, or by the township highway superintendent, who may employ the necessary labor to carry out this section. All expenses incurred shall, when approved by the board, be paid from the township road fund by the township fiscal officer, upon the fiscal officer's warrant.

{¶ 10} Neither R.C. 5571.02 nor R.C. 5579.08 provide for a private right of action upon which Mezger's claim is based. *See Moxley v. Board of Educ. of the Trotwood-Madison City School District*, 2d Dist. No. 19681, 2003-Ohio-3402, ¶ 24 (stating, "where a statute imposes duties on a state agency, private parties are not entitled to use that statute in private actions unless the statute specifically states that they can").

{¶ 11} Given that R.C. 5571.02 and R.C. 5579.08 do not create private causes of action, Mezger was not permitted to bring his case based on the township's duty to maintain roadways. Instead, Ohio case law is clear that the proper method of compelling a township's

compliance with statutory duties to maintain roadways is to seek a writ of mandamus. *Clements v. Monroe Twp. Trustees*, 117 Ohio App.3d 1, 4 (12th Dist.1996); *State ex rel. Rogers v. Taylor,* 152 Ohio St. 241 (1949). Mezger did not seek a writ compelling the Trustees to provide proper maintenance of the road, he simply performed the work himself and sent the Trustees an invoice.

{¶ 12} Mezger's "damages" are self-imposed in that he opted to trim the trees and brush on the road so that his new combine could pass. However, Mezger did so without going to a single Sterling Township meeting, presenting his request to have the trees trimmed formally, or taking the proper steps in court to rectify what he believed was the Trustees dereliction of statutory duties.[1] Mezger's suit seeking reimbursement for the work performed was not the proper method for enforcing the township's statutory duties, and the trial court properly granted summary judgment.

{¶ 13} Mezger asserts that summary judgment is inappropriate because R.C. Chapter 2744 permits a cause of action when a political subdivision negligently fails to remove an obstruction from township roads. However, R.C. Chapter 2744 does not create private causes of action, but rather, establishes immunity, and exceptions that apply, for political subdivisions involving tort claims. The statute does not state that the immunity exceptions apply to "damages" for unpaid invoices based upon a violation of R.C. 5571.02 or R.C. 5579.08 as was alleged in Mezger's complaint.

{¶ 14} R.C. 2744.02(B)(3) states, "except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent

---

1. The record indicates that Mezger called the Trustees on their personal cell phones, went to one Trustee's home, and also contacted the County Prosecutor's office. However, the prosecutor informed Mezger that he would need to make an "official complaint or request so that it could be journalized in the minutes, or in the alternative, to send the board a letter." Mezger did not take any of these formal steps.

failure to remove obstructions from public roads." Mezger alleged in his complaint that the Trustees failed to maintain the roads in accordance with R.C. 5571.02 and R.C. 5579.08. Mezger, however, did not allege that the Trustees negligently failed to keep obstructions from the road so that immunity did not exist according to R.C. 2744.02(B)(3). Therefore, the tort immunity exceptions within R.C. Chapter 2744 are inapplicable and do not provide Mezger with a cause of action.

{¶ 15} Having found that summary judgment was appropriate in this case, Mezger's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.