## Madison Fiscal Court et al. v. Edester et al.

Nov. 20, 1945.

H. O. Porter for appellants.

E. Selby Wiggins for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This action followed the decision of this court in Madison County Board of Education v. Skinner, 299 Ky. 707, 187 S. W. 2d 268. In that case a number of residents of Madison County sued the Board of Education asking for a mandatory injunction requiring the Board to fur-

nish bus transportation for children of elementary grades to two schools which are located on a dirt road in the general vicinity of Berea. This court refused to grant the relief sought, chiefly because of a showing by the Board that the dirt road was in such condition that school busses could not be operated over it. In the opinion it was pointed out that the condition of the road was a matter for the fiscal court and the suggestion was made that cooperation on the part of the interested parties might produce the results desired.

Following the final determination of that proceeding approximately the same group of residents made a demand on the fiscal court to surface the road in question so that transportation might be available to the schools. This request was refused by the fiscal court, following which this action was filed seeking a mandatory injunction requiring the fiscal court to put the road in good repair "and in reasonable condition for the traveling public to travel over same." The fiscal court filed an answer in which it admitted that the road is a dirt or mud road, difficult to travel during the winter season, but stating affirmatively that the road has often been graded, that the county road engineer had recently done some blasting for the purpose of ditching and draining the road, but that the job was not completed on account of bad weather and would be completed as soon as the weather permitted. In addition, it was alleged that the fiscal court has approximately 345 miles of dirt or mud roads and 280 miles of rock roads which it must maintain; that the shortage of funds and labor together with the increased cost in labor and material have made it difficult to improve the county roads in a manner satisfactory to the fiscal court. It was further alleged that this road had been graded annually, that slate rock had been placed thereon at different times and that the total work and expense on this road was greater than on any other dirt road in Madison County.

No proof was taken but the parties filed a stipulation in which it was agreed that the road is not in good condition; that it is a dirt or mud road; that the Board of Education is unable to operate a bus over the road; that the fiscal court was notified, when in session, of the bad condition of the road and was requested to make the road passable for the school busses and other traffic; that same has not been done; that the road is impassable

for school busses; that some work has been done on the road but that it is still in bad condition.

Upon submission, the lower court granted the relief sought and issued a mandatory injunction directing the fiscal court to forthwith place the road in good passable condition for public travel.

Section 179.400, KRS, requires the fiscal court of any county receiving state aid to appropriate sufficient money to keep all county roads in good repair and free from obstructions. Appellees argue that this statute is mandatory and that the fiscal court has no discretion in the matter. With this argument we can not agree. This statute does not, and was not intended to, impose any duty upon fiscal courts to make repairs or improvements on any particular road or roads. It places upon the county the duty generally to keep its roads in repair and to appropriate the money that is available for that purpose, but it is within the discretion of the fiscal court to determine the road or roads which shall be improved and the time and method of such improvements.

In 34 Am. Jur., page 965, Section 191, it is said:

"Mandamus will not lie to control public officers or boards in the exercise of the discretion vested in them as to public improvements, and the necessity and character of the same."

In Klein v. People, 31 Ill. App. 302, the court held that it was error, in a mandamus proceeding, to command commissioners to remove the weeds and underbrush from a particular highway and to repair culverts and put the highway in a condition fit for travel, saying that where the persons having charge of a highway have a discretion as to the manner of making repairs, they can not be commanded to perform their duty in a specific manner. This general principle is adhered to by most, if not all, of the courts of this country, as a reference to the annotation in 46 A. L. R. at page 262 will show. This court is no exception.

In the case of Highbaugh et al. v. Hardin County, 99 Ky. 16, 34 S. W. 706, 707, which is similar to the one under consideration, it was said:

"The fiscal court of every county is, in effect, a legislative board, invested with the power by law of making

appropriations in cases where the needs of the county require it; and while they may neglect their duties, or omit to improve the roads, or to make other appropriations necessary for that purpose, it is beyond the power of a judicial tribunal to interfere and determine what improvements should be made, and the extent of the expenditure necessary for that purpose."

From the foregoing it is apparent that the judgment of the lower court was erroneous and it is accordingly reversed for proceedings consistent with this opinion.

Reversed.