DE JONG et al., Respondents

v.

SCHOOL BOARD OF THE COMMON SCHOOL DISTRICT OF PERSHING TOWNSHIP, BUFFALO COUNTY, et al.,

Appellants

(135 N.W.2d 726)

(File No. 10194.  Opinion filed June 11, 1965)

**Harold Dean Brown,** Gann Valley, **George W. Wuest, of Tinan, Carlson & Wuest,** Mitchell, for defendants-appellants.

**John Keller, of Hollmann & Keller,** Chamberlain, for plaintiffs-respondents.

RENTTO, J. Pershing School District No. 6 is a common school district in Buffalo County operating one elementary school. On May 23, 1964 this schoolhouse was destroyed by fire creating a problem for the district in providing for the public education of its children during the school year 1964-1965. The plaintiffs, parents of children in the district, being dissatisfied with the school board's handling of the situation applied for a writ of mandamus to compel the board to acquire and provide a used school building to replace the one which was destroyed. From the judgment awarding the writ all of the defendants, except Mr. Rank, appealed on September 9, 1964.

The annual school election for the district provided for in SDC 1960 Supp. 15.2312 was held on June 16, 1964. The minutes of that meeting disclose that it was there decided it was too late in the season to plan for a school for the ensuing year. This apparently was an instruction to the board as authorized by SDC 1960 Supp. 15.2342. At this meeting, by unanimous vote, it was further decided to give the school board authority to "look into and provide a way of transportation for the pupils for the coming year". The financial records show that in June, 1964 the district bought a school bus and that such purchase was rescinded shortly thereafter. It was also agreed that an election be held on Tuesday, July 7th to vote on the question of bonding the district for the amount needed to build a new school.

At the election the proposal to bond the district failed decisively. However, at this meeting a test vote, conceded to be only advisory, was taken on the question of whether a used building should be purchased. This carried by a large margin— only 3 voting against it and 2 abstaining. However, the record gives no clear indication as to whether this concerned a building to be provided for the school year 1964-1965, or the following year. Under the circumstances it could fairly be interpreted to refer to the latter.

The next meeting of the school board was held on July 13th. The minutes of the meeting indicate that a majority of the board felt that a schoolhouse could not be moved in and opened by the first of September. They also show that the board took ac-

tion concerning the assignment of pupils to other schools as authorized and directed by SDC 1960 Supp. 15.3301 as amended by Ch. 79, Laws of 1961.

On July 14th a petition signed by 21 legal voters of the district was presented to the board. It requested

"a special business meeting of electors, under SDC 15.2343 to issue binding instructions to the above named school board on the proposition of whether or not said school board will take action to provide a used school building to replace the school building which has previously burned down, and to use funds already in the hands of the school board for such purposes without further bond issue."

To be noted is the fact that this does not specify whether the building to be provided was for the school year 1964-1965 or the following year. The meeting requested was set for July 28th and notice thereof given as required by law. The meeting was held resulting in a vote of 20 in favor of the proposition and 19 opposed.

Six days after such meeting, on August 3rd this litigation was commenced ordering the defendants to "go forward in good faith and execute the binding instructions of the electors of said School District and acquire and provide a used school building to replace the one which burned with funds now available, and to do so forthwith" or show cause on August 17th why the court should not issue its peremptory writ to the same effect.

After service of the alternative writ on August 5th, the school board held a special meeting on August 6th at which the litigation was discussed. Two members of the board had examined the Duncan School north of Gann Valley and were of the opinion that it was in too "poor a shape to purchase". They also looked over a schoolhouse at Torrey Lake some 44 miles away and said it was in such "drastic condition the cost of moving would be prohibitive". The board decided to place an ad in the papers asking to buy an old school. At this meeting the third member, Mr. Rank, stated that he thought the Torrey Lake school suitable

for school purposes with remodeling and was willing to submit a bid for its purchase. The board did not go along with this suggestion. It was also decided to retain a lawyer to represent and advise the board in the pending litigation.

At the regular board meeting held August 10th discussion was had about providing for the school children for the coming year. It was unanimously agreed to hold a special meeting for that purpose on August 18th and in the meantime wait and see what developed at the court hearing on August 17th. This special meeting was never held, obviously because the hearing resulted in the issuance of the writ.

The decision and peremptory writ were signed and served on August 26th and filed on September 2nd. The court found that several used buildings were available in the vicinity, but did not find that any of them were suitable for the purposes of the district. It also found that the purchase price was in the approximate sum of $750 and that the reasonable cost of site and foundation preparation was $700 and the reasonable cost of moving the school building was in the sum of $600. However, the only evidence in the record on these items concerned the Torrey Lake schoolhouse and the latter two items are not firm bids, but purely estimates of such costs by contractors who apparently had not seen the building in question or examined the site on which it was to be located. This evidence was given by Mr. Rank.

The court further found that there is no factual reason or excuse for delay beyond one month for the accomplishment of the instructions in full, and no reason for any delay of any length of time at all in commencing to carry out said instructions. It is fairly inferable from the record that the school in the district generally opened the last week in August. The court apparently was of the view that the board could either delay the start of the school year until the new building was available or temporarily lease another schoolhouse for that period.

The only evidence on this latter point is a statement by Mr. Rank. His testimony was in the nature of a conclusion that there was such a schoolhouse in Brule County, but he gave no

indication as to where it was or how he knew it was available and if so on what terms. Furthermore, this information had not been given to the other members of the board by him nor by anyone else.

The peremptory writ commanded the board to provide a used school building to replace the one that had been burned and use funds on hand for that purpose. They were further ordered to report to the court on September 15th that the order of the court has been carried out, and if such report was controverted by the applicants the board members were to show cause before the court on September 21st why they should not be held in contempt. On September 21st the applicants filed a request with the court asking that all of the members of the board except Mr. Rank, be ordered to show cause why they should not be held in contempt for failure to do as ordered in the writ. This was set for hearing on October 6th. On September 29th we stayed execution of the judgment.

The school board of a common school district upon an affirmative vote of the majority of the electors of the district has authority to purchase schoolhouses. SDC 1960 Supp. 15.2106. Under SDC 1960 Supp. 15.2343 at a special meeting of electors they may give binding instructions to the school board as at the annual business meeting as set out in SDC 1960 Supp. 15.2342, provided that the subject of such instructions shall have been advertised in the notice of such meeting. It was under this section that the special meeting of July 28th was held and the instructions given to purchase a used school building.

At this juncture it must be observed that the instructions given to the board at that meeting did not specify the used school it was directed to buy. Nor did it designate or limit the amount the board was to spend or the school year for which the building was to be furnished. Even assuming that the board had been directed to provide the used building for the school year 1964-1965, the duty imposed on the school board by the instructions given at the special meeting was not ministerial in character. Farmers' Loan & Trust Bank v. Hirning, 42 S.D. 52, 172 N.W. 931.

Because of the indefiniteness of the electors' instructions the board, in carrying out the mandate given it, was required to exercise discretion. Of necessity it had to use its own judgment in deciding what schoolhouse it would purchase since none was specified in the instructions. Surely it could not be expected to acquire one that was not suitable for the needs of the district or one that the members of the board honestly felt required the expenditure of an exhorbitant amount of the district's funds.

While mandamus is usually employed to compel performance of duties that are ministerial in character it is also available in instances where judgment and discretion are involved, to compel the legal exercise thereof. But as pointed out in Tubbs v. Linn, 75 S.D. 566, 70 N.W.2d 372, when utilized in such instances "the court is not warranted in directing the manner in which a legal discretion shall be exercised". We think the conclusion inescapable that the writ issued in this case unduly invaded and interfered with the exercise of discretion by the board. When viewed against the background of this record it, in effect, directs the manner in which discretionary powers vested in the school board are to be exercised.

In State ex rel. Cook v. Richards, 61 S.D. 28, 245 N.W. 901, this court recognized that mandamus is available as to discretionary duties in circumstances where there has been an abuse of discretion. However, we feel that such cannot be spelled out of this record under the rule approved in that case. Until the court ruled to the contrary in its peremptory writ the board was justified in thinking that the electors' directions referred to the school year 1965-1966. On oral argument we were advised that a building is being provided for the coming year.

Accordingly, the judgment is reversed with directions to quash the writ and dismiss these proceedings.

All the Judges concur.