## Richmond

### CITY OF RICHMOND v. FREEMAN C. HAYES, M.D., DIRECTOR OF PUBLIC HEALTH, ETC.

November 29, 1971.

Record No. 7760.

Present, All the Justices.

*Daniel T. Balfour, Assistant City Attorney for the City of Richmond (Conard B. Mattox, Jr., City Attorney for the City of Richmond,* on brief), for petitioner.

*Francis T. Eck; J. Murray Hooker, II (Jeffreys and Lawler,* on brief), for respondent.

SNEAD, C.J., delivered the opinion of the court.

Invoking the original jurisdiction of this Court (Va. Const. Art. VI, § 1, Code § 17-96), the City of Richmond filed a petition for a peremptory writ of mandamus against its Director of the Department of Public Health, Freeman C. Hayes. The petition prays that we compel the Director to perform the ministerial duties imposed upon him by an Ordinance of the city (No. 68-223-187) that implemented Chapter 799 of the 1968 Acts of Assembly.

Chapter 799 of the Acts of Assembly provides for the abatement of nuisances in leased multiple dwellings. A multiple dwelling is defined in the Act as "[a] structure or dwelling that is leased to and occupied by two or more families."

The Act provides, in substance, that when the Department of Public Health of the city, while carrying out its duties, finds that any multiple dwelling or any part thereof constitutes a nuisance, then it shall give notice by certified mail to the owner, rental agent, mortgagee and any other lien creditor of record of such nuisance. The owner or other person is allowed a certain period of time, usually twenty-one days, to commence making the repairs described in the notice. If no action is taken within the required time, the Department *may* institute in the Hustings Court of the city a proceeding by filing a verified petition for an order directing the necessary parties to appear and show cause why the repairs should not be made.

If such a proceeding is instituted and the court finds that a nuisance does exist and its immediate abatement is necessary, the owner or other person must commence making the necessary repairs within fourteen days or vacate the dwelling until the repairs are made. If the owner does not make the repairs or vacate the dwelling, the court shall appoint the Director who *may* make the necessary repairs or other necessary improvements to rehabilitate the property.

The Director is empowered to collect and withhold all "the accrued and accruing rents, issues and profits of the dwelling and apply the same to the cost of removing or abating the nuisance * * *." The withholding of the rents, issues and profits is first subject to payments for tax assessments, utility fees, mortgage payments, other prior liens, and operation expenses. After the nuisance has been abated and the Director has filed an accounting with the court, he is discharged of further responsibility.

Mandamus lies only to compel the performance of ministerial acts or duties and not to compel the performance of discretionary acts or duties. *Griffin* v. *Board of Supervisors*, 203 Va. 321, 328, 124 S.E.2d 227, 233 (1962); *Dovel* v. *Bertram*, 184 Va. 19, 22, 34 S.E.2d 369, 370 (1945). A ministerial act is an act that one performs in obedience to a legal mandate and in a prescribed manner, without regard to his own judgment as to the propriety of the act to be done. *Dovel* v. *Bertram, supra.*

We are of opinion that the duties imposed upon the Department of Health and its Director by Chapter 799 of the 1968 Acts of Assembly are discretionary and not ministerial. To determine whether a certain dwelling, because of its condition, constitutes a nuisance involves the use of judgment and discretion. It is much more than the performance of a mere ministerial act.

Also, the Department, if the owner does not take steps to abate a nuisance, *may*, not shall, as the city contends, file a petition in the court to require that the nuisance be abated. This duty is clearly discretionary as is the duty of the Director to abate a nuisance found by the court, if the owner fails to do so after being informed that a nuisance exists. There the Act says, "the court shall appoint the Director who *may*, with all reasonable speed, abate the nuisance * * *." [Emphasis added.]

Since mandamus does not lie to compel the performance of discretionary duties, the writ prayed for is denied.

*Writ denied.*