CANTON TOWNSHIP v WAYNE COUNTY ROAD COMMISSION

Docket No. 74461. Submitted July 16, 1984, at Detroit.—Decided March 5, 1985.

In December, 1981, the Wayne County Road Commission notified township authorities in Wayne County that it was discontinuing its dust palliative program for local gravel roads in the county. This program, which had been in existence for more than 20 years, involved the application of a brine solution to gravel roads to minimize the amount of dust coming from those roads. Thereafter, the Wayne County Health Department issued violation notices to the townships under the local air pollution control regulations indicating that the townships must take necessary steps to prevent escape of contaminants from the unpaved road surfaces. Township officials also received complaints from citizens and police agencies that the use of these unpaved roads caused dust clouds which impaired drivers' vision and thereby created hazardous driving conditions. Canton, Plymouth, VanBuren, Huron, Redford, Brownstown, and Sumpter Townships brought an action in Wayne Circuit Court against the Wayne County Road Commission and the Wayne County Health Department, seeking declaratory relief and a writ of mandamus. With respect to the road commission, the township alleged that the road commission was responsible for the air pollution violations and that the road commission should be compelled to properly maintain the gravel roads by continuing the dust palliative program. An evidentiary hearing was held before Sharon Tevis Finch, J., at which evidence was presented relative to the harmful effects of road dust to the health of those exposed and to the fact that such dust creates harzardous driving conditions by impairing drivers' vision. The court found that the townships had standing to sue, that there was no adequate remedy at law, and that money damages would not make the townships whole. The

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 39 Am Jur 2d, Highways, Streets, and Bridges § 64 et seq.
52 Am Jur 2d, Mandamus §§ 223, 394.
56 Am Jur 2d, Municipal Corporations § 859 et seq.
[2] 52 Am Jur 2d, Mandamus § 4.

court held that the road commission had a duty to keep in reasonable repair all of the improved county roads in the township so that those roads were reasonably safe and convenient for public travel and issued a writ of mandamus compelling the road commission to resume the dust palliative program at the same level. The road commission appeals. *Held:*

1. In view of the fact that the dusty road conditions resulted in air pollution citations being directed against the townships, the townships had a sufficient interest at stake to provide them with standing to bring this mandamus action against the road commission.

2. County road commissions have the statutory duty to keep county roads in reasonable repair so that those roads are reasonably safe and convenient for public travel. However, the methods employed by the road commission to discharge that statutory duty are left to the discretion of the road commission.

3. While there was ample evidence from which the trial court could properly conclude that the failure of the road commission to take some measure to control dust constituted a breach of the road commission's duty to maintain roads under its control in reasonable repair so as to be reasonably safe and convenient for public travel, it was improper for the trial court to order that the road commission reinstate the dust palliative program that it had previously employed, since the specific method by which the road commission discharges its duty to reasonably maintain the roads under its control is for the road commission to decide in the exercise of its discretion. Accordingly, the portion of the trial court's order directing the road commission to continue the previous dust palliative program is stricken.

Remanded.

1. PARTIES — STANDING — TOWNSHIPS — ROADS — COUNTIES — MANDAMUS.

A township has standing to bring a mandamus action against a county road commission seeking an order to compel the road commission to undertake measures to reduce dust on gravel roads where the township has received violation notices from the county department of health requiring the elimination of the escape of contaminants from the road surface, since under such circumstances the township has a sufficient interest in the outcome of the litigation to compel the road commission to discharge its duty to maintain the roads in reasonable repair to invoke the controversy-resolving powers of the judiciary.

2. MANDAMUS — ACTIONS.

Mandamus lies only where there is a clear legal duty incumbent

on a defendant and a clear legal right in the plaintiff to the discharge of such duty; the specific act sought to be compelled must be of a ministerial nature which is prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

3. COUNTIES — ROAD COMMISSIONS — MAINTENANCE OF ROADS — MANDAMUS.

County road commissions are required to keep all county roads in reasonable repair so as to be reasonably safe and convenient for public travel, however, the methods employed by a road commission in maintaining the roads so as to discharge that duty are left to the discretion of the road commission; accordingly, while a court may issue a writ of mandamus against a road commission requiring the road commission to maintain gravel roads in the county in a manner which keeps dust contamination at a level consistent with safe vehicle operation on those roads, a court may not order a road commission to undertake or continue a specific method of dust abatement, since it is within the discretion of the road commission to determine what method is to be used to discharge its duty of maintaining roads reasonably safe and convenient for public travel (MCL 224.19, 224.21; MSA 9.119, 9.121).

*Allen, James & Witthoff, P.C.* (by *Ronald E. Witthoff*); *Meyers, Hemming & Polaczyk* (by *C. Gerald Hemming*); *Cummings, McClorey, Davis & Acho, P.C.* (by *Owen Cummings*); *Bokos & Plakas, P.C.* (by *C. Brian James*); and *William J. DeBiasi*, for plaintiffs.

*Robert E. Murphy,* General Counsel, and *Martin P. Krall, Jr.,* for Wayne County Road Commission.

Amici Curiae:

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.* (by *Robert F. Travis),* for the Michigan Townships Association.

*John Cushman;* and *Downs, Zagaroli & Downs, P.C.* (by *Tom Downs* and *Michael A. Zagaroli),* for the County Road Association of Michigan.

Before: V. J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ.

PER CURIAM. Defendant Wayne County Road Commission appeals as of right from an order of the Wayne County Circuit Court issuing a writ of mandamus. The third and fourth paragraphs of the judgment and order read as follows:

"It is further ordered, adjudged and decreed, that the defendant, Wayne County Road Commission, has the duty to keep in reasonable repair all improved county roads located within the plaintiff-townships so that said roads are reasonably safe and convenient for public travel; and

"It is further ordered, adjudged and decreed that a writ of mandamus be and the same hereby is issued compelling the defendant Wayne County Road Commission to continue its dust palliative program in the same level and frequency and on the same roads, as it existed prior to December 15, 1981."

Defendant road commission contends that the issuance of a writ of mandamus ordering the continuation of the dust palliative program was improper. We agree and strike the fourth paragraph of the order.

The controversy first arose when the road commission, on December 15, 1981, notified township authorities in Wayne County that the scheduled dust palliative program for local gravel roads would be discontinued. The road commission's dust program, which had been operative for more than 20 years, involved three yearly applications of calcium chloride to local gravel roads. The chloride solution was applied to minimize the dust level on local county roads. The program was terminated because of the increasing expense involved, the increasing demand for service, and the necessity to

redirect resources to the county primary road system.

After the road commission notified the townships that the dust program would be terminated, the Wayne County Department of Health began issuing violation notices to the townships for violations of Article VI, § 6.6 of the Wayne County Air Pollution Control Regulations. They were issued for failure to eliminate the escape of contaminants from the unpaved roadways. The violation notices informed the townships that they were responsible for determining why the violations occurred and informed them that they were to take the necessary steps to prevent the further escape of contaminants. The township officials were also contacted by citizens and police agencies, who complained about the hazardous driving conditions on the unpaved roads. Users of the unpaved roads had problems with visibility—clouds of dust rising from the unpaved roads impaired their vision.

The townships initiated an action against the road commission, alleging that the road commission was responsible for violations of the Environmental Protection Act of 1972 and raising claims of negligence and nuisance. Additionally, the townships prayed for declaratory relief and a writ of mandamus. Specifically, the townships asked the court to compel the road commission to properly maintain the townships' roads by continuing the dust program.

At the evidentiary hearing, a great deal of evidence was presented to the effect that the dust is harmful to health and that it impedes safety by impairing drivers' vision. Testimony also established that dust palliative programs are part of road maintenance. However, a maintenance engineer for the Michigan Department of Transportation testified that dust palliative programs were a

low priority in terms of necessary maintenance objectives, even though they were clearly part of safety and maintenance.

After the hearing, the trial court found that plaintiffs had standing to sue, that there was no adequate remedy at law and that money damages would not make the plaintiffs whole. The court found that the burden of collecting taxes to maintain the dust program should not be placed on the townships, and ordered the road commission to continue the program.

The preliminary issue raised by the road commission is whether plaintiffs have standing to bring this suit. The threshold question is whether they have an interest in the outcome of the lawsuit sufficient to invoke the controversy-resolving power of the court. *Saginaw Public Library Board v District Court Judges,* 118 Mich App 379, 385; 325 NW2d 777 (1982), *lv den* 417 Mich 974 (1983).

The plaintiff townships have an interest in the outcome of this litigation sufficient to invoke the controversy-resolving powers of the judiciary. Plaintiffs received citations from the Wayne County Department of Health for the failure to eliminate the escape of contaminants from the unpaved roads and were informed that they were to take the necessary steps to prevent further escape of the contaminants. Thus, the road commission's failure to maintain the roads in a reasonable condition with respect to dust levels has had a direct impact on the plaintiff townships. Plaintiffs have asserted a sufficient stake in the outcome of this controversy to seek a writ of mandamus to compel the road commission to maintain the unpaved roads in the townships.

Defendants next argue that the issuance of a writ of mandamus ordering the continuance of the dust program was improper, because the road

commission has no specific duty to operate the program.

"Mandamus lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty. *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor v Ottawa Circuit Judge,* 343 Mich 440; 72 NW2d 146 (1955), *Bills v Grand Blanc Township,* 59 Mich App 619; 229 NW2d 871 (1975), *State Board of Education v Garden City School District,* 62 Mich App 376; 233 NW2d 547 (1975)." (Footnote omitted.) *Oakland Bd of County Road Comm'rs v State Highway Comm,* 79 Mich App 505, 509; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978).

It is undisputed that the road commission has a broad, general duty to keep all county roads in reasonable repair so that they shall be reasonably safe and convenient for public travel. MCL 224.21; MSA 9.121 provides in pertinent part:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel." See *Arrowhead Development Co v Livingston County Road Comm,* 413 Mich 505, 512; 322 NW2d 702 (1982).

However, the methods employed by the road commission in maintaining the roads are left to their discretion.

MCL 224.19; MSA 9.119 provides:

"(1) The board of county road commissioners may

grade, drain, construct, gravel, shale, or macadamize a road under its control, make an improvement in the road which it considers best, and may extend and enlarge an improvement. The board may construct bridges and culverts on the line of the road, and repair and maintain roads, bridges and culverts.

\* \* \*

"(3) The construction, improvement, and maintenance of roads, bridges, and culverts, shall be in accordance with plans and specifications furnished or approved by the county highway engineer, who shall have supervision of the construction. The county road commissioners shall have all the authority in respect to the roads, bridges, and culverts which is vested in highway officers in townships, including the right to condemn gravel for road purposes and to petition the county drain commissioner for an outlet drain as provided in section 8 of chapter 15."

This statutory language, providing that the commission "may" make improvements they consider best, illuminates the discretionary authority of the road commission. The statute does not list any specific methods which must be employed by the road commission in keeping the roads safe and convenient for public travel. Thus, the road commission has no clear and specific legal duty to control the dust on county roads via the specific program involved.

The trial court may order the road commission to maintain the gravel roads, which it has a clear duty to do. MCL 224.21; MSA 9.121. Evidence of the safety and driving hazards posed by unacceptable dust levels established that this duty of maintenance was not discharged by the road commission. Since this duty lies with the road commission, the County Department of Health was in error in issuing violation notices to the townships for failure to eliminate the escape of contaminants from the unpaved roadways. Such violation notices

in the future are to be directed to the road commission.

Because the methods used to maintain gravel roads and reduce their dust levels are within the discretion of the road commission, the issuance of a writ of mandamus ordering the *specific* dust program was improper. *Oakland Bd of County Road Comm'rs, supra.* Thus, the fourth paragraph of the trial court's judgment and order is stricken. If the road commission can discharge its duty of maintenance by other means, then it is free to do so under the statutes.

We do not address the road commission's remaining arguments relating to the trial court's ordering the continuance of the dust program.

Remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.