1998 SD 68

Harvey WILLOUGHBY, Velma Willoughby, Eugene Kirsch, Les Hertz, Kathy Hertz, Jack Gunvordahl, Belinda Gunvordahl, Patrick Koerner, Gayle Koerner, Lorraine Gunvordahl, Melvin Juran and Charlene Joran, Petitioners and Appellees,

v.

Richard GRIM, Mark Williams, Curly Haisch, David Marts, and Phyllis Marts, as Whetstone Township Board, Respondents and Appellants.

No. 20174.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1998.

Decided July 1, 1998.

J.M. Grossenburg of Grossenburg Law Office, Winner, for petitioners and appellees.

Rick Johnson of Johnson, Eklund, Nicholson, Peterson & Fox, Gregory, for respondents and appellants.

KONENKAMP, Justice.

[¶ 1.] The question in this appeal is whether a township board may be compelled by writ of mandamus to repair a secondary road to specifications set by the circuit court. Mandamus is a proper remedy to require the board to comply with its statutory duty to maintain secondary roads, but we conclude that absent legislative standards for township highways, mandamus cannot dictate the character of the repairs. Affirmed in part and reversed in part.

### Facts

[¶ 2.] In 1959, Harvey Willoughby bought a three-acre parcel on Lake Francis Case. He subdivided it into five lots and negotiated an easement for a quarter mile private road connecting the lots to the nearest township road. Petitioners now own cabins on these lots. The cabin area is remote. To reach it, one travels north on Highway 1806 from near Bonesteel, South Dakota, then follows a gravel township highway the parties call the "cabin road." It begins in Schriever Township, passes through another township, and ends in Whetstone Township, where the last

two miles wend through sloping Missouri River breaks.

[¶ 3.] Considering the terrain it crosses, the cabin road is difficult to maintain. None of the petitioners live on site in the winter, but they and their guests regularly visit the area during the rest of the year. When rainfall amounts periodically increase, as they have since 1994, the cabin road deteriorates into "gumbo" and mud flows from surrounding hills, filling ditches and plugging culverts, ultimately encroaching on the road itself. In the past twenty years, the cabin owners and their guests can attest to many instances when their vehicles became stuck on impassable parts of the road, even with four-wheel-drive vehicles. Their greatest concern is being stranded during an emergency.

[¶ 4.] The board of supervisors for Whetstone Township hired a contractor to dig away slides flowing onto the road, and to install new culverts for diverting excess water. Fifteen loads of gravel were laid on the road both in 1994 and 1995. In 1996, the Township spent $7,600 for culverts and dirt work. Yet the road remains nearly impassable after heavy rains. The board plans to haul more dirt away from the slide areas and to use perforated pipe to drain a nearby spring that contributes to the mud slides. Because the cabin road leads to a private seasonal enclave, closed to the public, the board declared it a "minimum maintenance road" under SDCL 31–13–1.1. To qualify for this designation, roads must be "used only occasionally or intermittently for passenger and commercial travel." *Id.*

[¶ 5.] Petitioners wrote letters to the board, attended Township meetings, and even contributed money for road repairs. When confronted with accusations of undue delay, the supervisors declared they were still considering how best to proceed. Dissatisfied with the board's efforts, petitioners sought a writ of mandamus. After a hearing, the circuit court found the supervisors had violated their statutory duties and granted the writ ordering the board to act within sixty days to (1) "raise and crown" the road or move it; (2) "construct appropriate ditches for said road in a manner not less than that recommended by the county highway superintendent" during his trial testimony; (3) "make said road usable under expected conditions normally existing in the area"; and (4) remove the minimum maintenance signs.[1] The board appeals questioning whether the circuit court can use mandamus to direct how and when repairs and modifications must be made to a township road.

## Analysis and Decision

[¶ 6.] Circuit courts possess discretion in deciding whether to grant a writ of mandamus; thus, the appropriate standard of review on appeal is abuse of discretion. *Sorrels v. Queen of Peace Hosp.*, 1998 SD 12, ¶ 7, 575 N.W.2d 240, 242 (citing *Brown v. City of Yankton*, 434 N.W.2d 376, 378 (S.D. 1989)). Even though mandamus involves judicial discretion, "a court cannot refuse a writ where one has a clear legal right with no other remedy to enforce it." *Smith v. Otter Tail Power Co.*, 80 S.D. 327, 329–30, 123 N.W.2d 169, 170 (1963) (citations omitted); *cf.* 1 S. Childress & M. Davis, *Federal Standards of Review* § 4.22, at 4–167 (2d ed 1992)(augmented abuse standard). We need not repeat our oft-cited definition of the term "abuse of discretion," yet we underscore that a court "by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996)(citing

---

1. As part of his findings of fact, the trial judge concluded after he drove on the road himself: (1) the Board was aware "the road needs extra work to be placed back in proper repair," but "determined it inequitable to pay for the repair of the road, because it was deemed to benefit primarily the cabin owners;" (2) the repairs would cost ten to fifteen thousand dollars, but it would not be a financial hardship as the Township had eighty-five to ninety-five thousand dollars in reserve road funds; (3) comparing the same road as it was maintained in the other two townships, it was clearly out of repair in the Whetstone Township; (4) the Board of Supervisors, although "honorable citizens who have expended significant funds from the township for the last 10 years in attempt to maintain the cabin road, have failed to keep said road in proper repair and allowed the condition of the road to deteriorate in violation of their statutory duties"; and (5) in its current condition the road presents a safety problem in wet weather because emergency vehicles could not get in, nor could members of the public get out should they become injured or ill.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990)).

[¶ 7.] "To prevail in seeking a writ of mandamus, [a] petitioner must have a clear legal right to performance of the specific duty sought to be compelled and the respondent must have a definite legal obligation to perform that duty." *South Dakota Trucking Ass'n., Inc. v. South Dakota Dep't. of Transp.*, 305 N.W.2d 682, 684 (S.D.1981) (citing *Bandy v. Mickelson*, 73 S.D. 485, 488, 44 N.W.2d 341, 342 (1950) quoting from *Bailey v. Lawrence Cty.*, 2 S.D. 533, 537, 51 N.W. 331, 332 (1892)). Because mandamus may only be granted under exceptional circumstances requiring a drastic remedy, it must be shown that entitlement to the writ was clear and indisputable. *See generally Crowley v. Spearfish Indep. Sch. Dist., No. 40–2*, 445 N.W.2d 308 (S.D.1989); *Anderson v. City of Sioux Falls, Minnehaha Cty.*, 384 N.W.2d 666, 668 (S.D.1986)(mandamus not absolute right, but matter of sound discretion); *Bailey*, 2 S.D. at 536, 51 N.W. at 332.

> The writ of mandamus may be issued by the Supreme and circuit Courts, to any inferior tribunal, corporation, board, or person, *to compel the performance of an act which the law specially enjoins as a duty resulting from an office*, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

SDCL 21–29–1 (emphasis added). The purpose of the writ is "to compel the performance of an act which the law specially enjoins as a duty resulting from an office ... or to compel the admission of a party to the use and enjoyment of a right ... to which he is entitled, and from which he is unlawfully precluded[.]" *Anderson*, 384 N.W.2d at 668.

[¶ 8.] The right of travelers to accessible township roads surpasses mere privilege. By statute, the board of supervisors must repair and maintain all township or secondary highways:

> It *shall* be the duty of the board of township supervisors to arrange for the con-

struction, repair, and maintenance of *all* secondary roads within the township.

SDCL 31–13–1 (emphasis added); SDCL 31–1–5(3). Whether mandamus is available to enforce these requirements depends partly on whether the board's obligation to maintain the roads is discretionary or ministerial. Mandamus may compel officials to perform ministerial duties, but not discretionary ones. *Hendriks v. Anderson*, 522 N.W.2d 499, 501 (S.D.1994); *Midwest Oil Co. v. Youngquist*, 69 S.D. 461, 462, 11 N.W.2d 662, 663 (1943). Public officers must perform ministerial duties in obedience to legal authority, without regard to personal judgment or opinion. *Rodriguez v. Solis*, 1 Cal.App.4th 495, 2 Cal. Rptr.2d 50, 53 (1991); *City of Richmond v. Hayes*, 212 Va. 428, 184 S.E.2d 784, 785 (1971).

[¶ 9.] Interpreting a similarly worded statute, we have found a *county's* duty to maintain its roads is ministerial and thus, the proper subject of mandamus. *Matters v. Custer Cty.*, 538 N.W.2d 533, 534 (S.D.1995) (citing *Bryant v. Butte Cty.*, 457 N.W.2d 467, 471 (S.D.1990)); *see* SDCL 31–12–26. *Cf. Van Gerpen v. Gemmill*, 72 S.D. 265, 266, 33 N.W.2d 278, 279 (1948) (declining to hold whether township duty is discretionary or mandatory). Likewise, the words "shall" and "all" in SDCL 31–13–1, indicate the Legislature intended to create a compulsory obligation to repair and maintain all township roads. "[T]he term, shall, manifests a mandatory directive and does not confer any discretion in carrying out the action so directed." SDCL 2–14–2.1. *See also Fritz v. Howard Twp.*, 1997 SD 122, ¶ 15, 570 N.W.2d 240, 242; *Matter of Groseth Intern., Inc.*, 442 N.W.2d 229, 231 (S.D.1989). Therefore, the duty to maintain township roads is ministerial and the proper subject for mandamus when a township fails or refuses to act according to statute. *Accord State ex rel. Draper v. Freese*, 147 Neb. 147, 22 N.W.2d 556, 559 (1946); *State ex rel. Cabott, Inc. v. Wojcik*, 47 Wis.2d 759, 177 N.W.2d 828 (1970). Now we turn to the crux of the issue, whether the circuit court exceeded its power by mandating the precise nature of road repair work.

[¶ 10.] No standards for township road repair and maintenance exist in our laws. Details for repairing and maintaining

secondary roads, therefore, remain within the conscientious discretion of the board of supervisors. *See Dejong v. School Bd. of Common Sch. Dist. of Pershing Twp., Buffalo Cty.*, 81 S.D. 380, 385, 135 N.W.2d 726, 729 (1965) (court not warranted in mandating manner discretion shall be exercised); *Breckweg v. Knochenmus*, 81 S.D. 244, 251, 133 N.W.2d 860, 864 (1965); *Rosebud Lumber & Coal Co. v. Ryan*, 67 S.D. 72, 80, 289 N.W. 81, 84 (1939) (mandamus may not compel exercise of discretion in particular manner). *See also Brod v. Evans*, 738 S.W.2d 902 (Mo.Ct.App.1987); *Township of Canton v. Wayne Cty. Road Comm'n.*, 141 Mich.App. 322, 367 N.W.2d 385, 387 (1985); Annotation, *Mandamus against Municipality to Compel Improvement or Repair of Street or Highway*, 46 A.L.R. 257, 262 (1927).

[¶ 11.] When public officials carry an explicit mandatory duty to perform certain responsibilities, but have discretion in the manner of performance, mandamus may require them to perform, but may not dictate the details. *Musselman v. Governor*, 448 Mich. 503, 533 N.W.2d 237, 245 (1995) (mandamus extraordinary remedy to compel exercise of discretion, but not to compel its exercise in particular manner); *Ellis v. Cannon*, 113 Vt. 511, 37 A.2d 377, 380 (1944). *See generally Taylor v. Wentz*, 15 Ill.2d 83, 153 N.E.2d 812, 817 (1958); *Madison Fiscal Court v. Edester*, 301 Ky. 1, 190 S.W.2d 695, 696 (1945) (highway authorities who have discretion in manner of making repairs cannot be commanded to perform duty in specific manner); *Miller v. Hanna*, 221 Iowa 56, 265 N.W. 127, 128 (1936) (where performance of an official act involves exercise of discretion, officer can only be directed to act, leaving matter as to particular action to officer's determination); *Commonwealth ex rel. Ferguson v. Ball*, 277 Pa. 301, 121 A. 191, 192 (1923); *People ex rel. Carson v. Mateyka*, 57 Ill.App.3d 991, 15 Ill.Dec. 125, 373 N.E.2d 471, 475 (1978). Even if townships retain no discretion whether to repair and maintain their roads, they nonetheless reserve discretion to determine the manner in which their

roads should be repaired and maintained. The Wisconsin Supreme Court acknowledged the same reality in *Wojcik*, when it stated:

> It is, of course, clear that this court could not, in the absence of statutory guidelines, direct the town board of Hull to perform a particular type of construction or to specify the manner by which the roads are to be made passable. This is within the discretion of the responsible officer, but there is no discretion in the town board as to whether or not a road is to be kept in a passable condition. This duty is mandatory and unequivocal.

177 N.W.2d at 833. Absent legislative standards on how township roads are to be maintained, courts cannot direct how to perform this duty. Orders compelling the exercise of this discretion are ill-suited to mandamus relief.[2] *See Chicago Ass'n of Commerce & Indus. v. Regional Transp. Auth.*, 86 Ill.2d 179, 56 Ill.Dec. 73, 427 N.E.2d 153, 156 (1981)(if performance of official duty or act involves judgment or discretion, officer's action not subject to review or control by mandamus); *J.L. Manta, Inc. v. Braun*, 376 N.W.2d 466, 469 (Minn.Ct.App.1985).

[¶ 12.] We recognize the difficulties the circuit court faced. Simply ordering the board to comply with the statute seems redundant and perhaps ineffective. Yet, mandamus is a precise remedy: It applies only when the duty to act is clear and when the act it mandates is unequivocal. *Sorrels*, 1998 SD 12 at ¶ 6, 575 N.W.2d at 242. In some instances, difficulties in enforcement of mandamus may call for denial of relief. "Mandamus will not be granted when it would be unavailing." *State ex rel. Hooper v. Hahn*, 69 S.D. 275, 278, 9 N.W.2d 502, 503 (1943); *Winnetka Partners Ltd. Partnership v. County of Hennepin*, 538 N.W.2d 912, 915 (Minn.1995)(mandamus will be denied where it is obvious it will prove futile, unavailing, and ineffective); *Towner v. Jimerson*, 67 A.D.2d 817, 413 N.Y.S.2d 56, 58 (1979).

[¶ 13.] Nonetheless, we conclude the circuit court acted within its discretion in issuing mandamus after it found the road

---

2. A line of cases in Ohio authorize courts to order townships to repair and maintain their roads and also to dictate the manner in which repairs should be done. See *State ex rel. Rogers v. Taylor*, 152 Ohio St. 241, 89 N.E.2d 136 (1949); *Clements v. Monroe Twp. Trustees*, 117 Ohio App.3d 1, 689 N.E.2d 976 (1996). These cases are distinguishable, however, because Ohio law sets detailed standards for road repairs. *See* Ohio Rev. Code Ann. § 5571.12.

was out of repair and the supervisors were not meeting their statutory duties. Ordering compliance with the statute, removal of the minimum maintenance signs, and repairs to make the road usable under expected conditions, all were within the scope of mandamus. But requiring the road to be raised and crowned, or moved with ditches dug, along with mandating repairs in line with the county highway superintendent's opinion, went beyond the legal scope of mandamus relief and hence constituted an abuse of discretion.

[¶ 14.] Affirmed in part and reversed in part.

[¶ 15.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

