2002 SD 33

**Robert DOUVILLE, Plaintiff
and Appellant,**

v.

**Russ CHRISTENSEN, Steve Hartman,
and Donald Randall, in their capacity
as Township Supervisors of Brule
Township and Milo Speckels, Robert
Feltman, and John Glaus, in their ca-
pacity as Township Supervisors of
Chamberlain, Township, Brule Coun-
ty, South Dakota, Defendants and Ap-
pellees.**

**No. 21908.**

Supreme Court of South Dakota.

Argued Jan. 8, 2002.

Decided March 6, 2002.

John R. Steele of Steele and Steele, P.C., Plankinton, for plaintiff and appellant.

J.M. Grossenburg, Winner, for defendants and appellees.

GILBERTSON, Chief Justice.

[¶ 1.] Robert Douville (Douville), a resident of Chamberlain, South Dakota, seeks a writ of mandamus against Chamberlain and Brule Townships for the removal of an earthen dam obstructing a section line right-of-way located on the border between the two townships. We reverse the trial court's denial of the writ.

## FACTS AND PROCEDURE

[¶ 2.] The section line right-of-way at issue in this case is approximately one and one-half miles in length and is located between Brule and Chamberlain Townships. The section line extends westward to the edge of the Missouri River (Lake Francis Case). It is undisputed that neither township has ever constructed or maintained any kind of roadbed on this portion of the section line. The section line remains unimproved and impassable by motor vehicle, on horseback or by foot because of an earthen dam with impounded water located on and running perpendicular to the right-of-way.

[¶ 3.] The dam was built in 1947, with funding provided by the federal government, and supplies water for cattle located on the land. Alvin Reuer (Reuer), the current owner, purchased the property in 1964. On August 24, 1982, both Brule and Chamberlain Townships each purported to grant Reuer conditional easements to construct a dam. The easements stipulated that they would continue in effect only until such time as "... the Board is required by operation of law to open and maintain said property line as an actual road."

[¶ 4.] Douville seeks a writ of mandamus compelling the townships to remove the dam from the section line. The circuit court, however, denied the writ. It concluded "[a] township has no duty pursuant to SDCL 31–32–9 to remove obstructions

from section lines that have not been improved or altered from their natural state for the purpose of vehicle travel." Douville raises the following issue for appeal:

> Whether a township has a legal duty to remove man-made obstructions from an unimproved section line right-of-way.

## STANDARD OF REVIEW

■■■ [¶ 5.] The grant or denial of a writ of mandamus is discretionary. *Willoughby v. Grim*, 1998 SD 68, ¶ 6, 581 N.W.2d 165, 167 (citations omitted). Therefore, we review denial of a writ of mandamus under an abuse of discretion standard. *Id.*

■■■ [¶ 6.] We review statutory interpretation de novo, giving no deference to the interpretation of the trial court. Furthermore,

> [s]ince statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the [L]egislature did not intend an absurd or unreasonable result. When the question is which of two enactments the [L]egislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.

*Martinmaas v. Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611.

## ANALYSIS AND DECISION

■■■ [¶ 7.] "To prevail in seeking a writ of mandamus, [a] petitioner must have a clear legal right to performance of the specific duty sought to be compelled and the respondent must have a definite legal obligation to perform that duty." *S.D. Trucking Ass'n, Inc. v. S.D. Dep't of Transp.*, 305 N.W.2d 682, 684 (S.D.1981) (citations omitted). Mandamus is a remedy granted under exceptional circumstances:

> to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

SDCL 21–29–1. Therefore, the crux of this case is whether Brule and Chamberlain Townships owe Douville a duty to maintain an unimproved[1] section line right-of-way by removing a man-made dam obstructing public passage.

**[¶ 8.] Whether a township has a legal duty to remove man-made obstructions from an unimproved section line right-of-way.**

[¶ 9.] A township's duty of maintenance is imposed by statute. The language of SDCL 31–32–9 provides:

> *The governing body or board having charge of any street, road, or highway*

---

1. Because the term "open" has been assigned multiple definitions in our case law, we have chosen to use the more specific description of "unimproved" as compared to "improved." *See, e.g., Lawrence v. Ewert*, 21 S.D. 580, 583, 114 N.W. 709, 710 (1908) (holding no affirmative action on part of township necessary to "establish or open" section line highway to public travel); *Keen v. Fairview Township*, 8 S.D. 558, 564, 67 N.W. 623, 625 (1896) (holding that while a public highway exists on every section line, no road is present unless "opened or established" by township). For the purposes of this case, "improved" is defined as "intentional enhancement of the natural terrain's utility for travel or [an] adaptation which will permit travel where it was not previously possible." *State v. Tracy*, 539 N.W.2d 327, 331 (S.D.1995) (citing Black's Law Dictionary 757 (6th ed. 1990)).

*shall cause rock, stone, glass, or other obstruction placed in such street, road, or highway, to be removed therefrom,* or in the event that the same is flooded by irrigation water, such street, road, or highway shall be repaired and the first and second class municipality, township, or county, as the case may be, shall be entitled to recover of any person placing such obstruction in such street, road, or highway, or allowing the water to flow upon the same, the amount necessarily expended in the removal or repair thereof and such action may be commenced in any court in the county having jurisdiction thereof. This section shall not apply to the placing of rock or stone in the streets, roads, or highways temporarily for building purposes.

(emphasis added). Giving this statute its "plain meaning and effect" as required under the cannons of statutory construction, this provision clearly contemplates a duty of the township to remove obstructions or water artificially placed upon a street, road or highway. *See Welsh v. Centerville Township*, 1999 SD 73, ¶ 11, 595 N.W.2d 622, 625 (citations omitted). But in order to discern the extent of a township's duty in this case, it is first necessary to determine whether an unimproved section line falls within the definition of a "street, road, or highway."

[¶ 10.] Douville claims that an unimproved section line is a "highway" and therefore must be maintained by the township under SDCL 31–32–9. The term "highway" is defined as "[e]very way or place of whatever nature open to the public, as a matter of right, for purposes of vehicular travel . . . ." SDCL 31–1–1. Unimproved section lines are not included within this section because they are not "open to the public, as a matter of right, for purposes of vehicular travel." *See*

*Pederson v. Canton Township*, 72 S.D. 332, 34 N.W.2d 172 (1948).

■■■ [¶ 11.] The Legislature, however, chose to specifically define all section lines as "highways" in another section, regardless of whether they are improved for the purpose of vehicular travel. In 1871, the Dakota Territory Legislature passed an act, Chap 33, Laws 1870–1871, which accepted Congress's dedication of all section lines as highways.[2] Subsequently, the South Dakota Code incorporated this legislative determination stating:

> There is along every section line in this state a public highway located by operation of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by the lawful action of some authorized public officer, board, or tribunal.

SDCL 31–18–1. In comparing the definitions of SDCL 31–1–1 and 31–18–1, the more specific statute must control. *See Martinmaas*, 2000 SD 85 at ¶ 49, 612 N.W.2d at 611. Moreover, it is illogical to claim that a "public highway" is somehow not a "highway." This Court has held that the Legislature, by the act of 1871, meant the term "public highway" to have its ordinary meaning. *Lawrence*, 21 S.D. at 583, 114 N.W. at 710. It is "more than a right of way over which a public highway may be established, [ ] it is a passage or road which 'every citizen has a right to use.'" *Id.* Thus, these section line rights-of-way cannot be lawfully obstructed by private citizens absent legal authority do so. *Id.; K & E Land and Cattle, Inc. v. Mayer*, 330 N.W.2d 529, 532 (S.D.1983). *See, e.g.*, SDCL 31–25–1.1 (allowing for placement of fences on section line that has not been "altered from its natural state in any way for the purpose of facilitating vehicular

---

**2.** *See* 43 USCA § 932.

passage," so long as gates are present to permit suitable public access).

[¶ 12.] No affirmative action is necessary to open a section line for public use. The general public's right to pass, by foot or otherwise, is not diminished merely because townships are not required to improve every section line for vehicular travel. As noted above, section lines, by operation of law, are open to passage by the general public.[3] While the Legislature did not impose upon townships the duty to open, improve, and maintain every section line for the purpose of vehicular travel, it nonetheless requires townships to act as trustees in guarding section line rights-of-way for free public access.

[¶ 13.] A township does not have a roving duty to inspect every unimproved and un-vacated section line for possible natural and man-made obstructions. But it does have a duty, upon reasonable notice, to remove man-made obstructions interfering with a public right-of-way. This Court has previously held that a township's duty to maintain its improved roads is ministerial and therefore, the proper subject of mandamus. *See Willoughby*, 1998 SD 68 at ¶ 8, 581 N.W.2d at 168. We now extend this holding to include, upon reasonable notice or demand, the duty of a township to remove man-made obstructions from unimproved section lines. This is not to say townships must open, improve, and maintain a passable road on every section line;[4] they are merely required to return that section line to its natural state when asked to do so. We find that Douville has a clear legal right to access the unimproved section line and that Brule and Chamberlain Townships have a duty to remove artificially placed obstructions that interfere with that right. The circuit court's decision was an abuse of discretion. Therefore, we reverse its denial of the writ of mandamus and remand for further proceedings consistent with this opinion.

[¶ 14.] SABERS, AMUNDSON, and KONENKAMP, Justices, and GORS, Acting Justice, concur.

---

**3.** Where an adjacent landowner unlawfully restricts this passage, he or she may also be liable in a nuisance action. *See* SDCL 21–10–3 (defining public nuisance); SDCL 21–10–9 (stating remedy in civil action for public nuisance may be maintained "by any public body or . . . by any private person if [the nuisance] is specially injurious to himself."). *See also Saetz v. Heiser*, 240 N.W.2d 67, 72 (N.D.1976) (holding private party entitled to removal of fence across section line where no gate was present and obstruction deprived public of its right to free passage). This action is unaffected by the length of time that the nuisance has been maintained. *See, e.g., State By and Through Dep't of Transp. v. Garvin*, 456 N.W.2d 779, 782 (S.D.1990) (holding lapse of time does not preclude injunction against party maintaining public nuisance for over 10 years); *City of Rapid City v. Hoogterp*, 85 S.D. 176, 179 N.W.2d 15 (1970) (upholding injunction against portion of building encroaching on public right-of-way for over 50 years).

**4.** Whether a section line is opened, in the sense that it is improved by constructing a road for vehicular travel, is discretionary and therefore, not the proper subject for mandamus. *See* SDCL 31–3–6; 31–3–22; 31–13–17; *Willoughby*, 1998 SD 68 at ¶ 8, 581 N.W.2d at 168.