# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2121

_____

| | | |
|---|---|---|
| Geico General Insurance Company, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Laurie L. Sabo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 9, 2002

Filed:  December 16, 2002

_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Laurie L. Sabo, a South Dakota resident, appeals the district court's adverse grant of summary judgment in this diversity-based insurance coverage case. While Sabo was insured by Geico General Insurance Company (Geico), the car she was driving was involved in an accident that injured her husband, a passenger in the car. Sabo's husband sued her in state court for injuries related to the accident. Geico filed a declaratory judgment action in federal court, arguing it did not have a duty to defend or indemnify Sabo in the underlying lawsuit because Sabo's policy did not cover bodily injury to a relative residing in her household. We review the district

court's grant of summary judgment de novo. <u>See</u> <u>Equip Mfrs. Inst. v. Janklow</u>, 300 F.3d 842, 849 (8th Cir. 2002) (standard of review).

Geico's duties to indemnify and defend Sabo are independent and severable duties. <u>See</u> <u>Stoebner v. South Dakota Farm Bureau Mut. Ins. Co.</u>, 598 N.W. 2d 557, 559 (S.D. 1999). On appeal, Sabo argues her policy does not excuse Geico from its duties to indemnify her or to defend her against her husband's claims. The relevant portion of the policy, Section I, explains Geico's liability and creates the duties to defend and indemnify:

> **EXCLUSIONS**
> **When Section I Does Not Apply**
>
> We will not defend any suit for damage if one or more of the exclusions listed below applies.
> 1. ***Bodily injury*** to any ***insured*** or any ***relative*** of an ***insured*** residing in [her] household is not covered in excess of the minimum coverages required by the Financial Responsibility Law of the State of South Dakota.

(Emphasis in original). South Dakota's Financial Responsibility Law sets the minimum coverage amount for "bodily injury . . . or death of one person in any one accident" at $25,000. S.D.C.L. § 32-35-70 (2002). This statute also states a "policy <u>may</u> exclude or limit coverage . . . for a relative residing in the named insured's household." <u>Id.</u> (emphasis added). We conclude this statute permits but does not require Geico to exclude Sabo's husband from coverage under Sabo's policy. <u>See</u> <u>Douville v. Christensen</u>, 641 N.W.2d 651, 654 (S.D. 2002) (interpreting statutory provisions according to their plain meaning and effect); <u>see also</u> <u>Empl. Mut. Cas. Co., Inc. v. State Auto Ins.</u>, 623 N.W.2d 462, 465 (S.D. 2001) (discussing legislative intent to allow exclusion of family members from insurance policies under S.D.C.L. § 32-35-70). The extent to which Sabo's husband is covered under her policy thus depends on the language of that policy.

As written, Sabo's policy limits bodily injury coverage for Sabo and relatives living in her household to the minimum coverage amounts set by South Dakota law. Because the policy does not completely exclude Sabo's relatives from coverage, Geico must indemnify Sabo for her husband's accident-related injuries up to $25,000. Additionally, because Geico must indemnify Sabo, the enumerated exception to Geico's duty to defend is not triggered and Geico must defend Sabo against her husband's claims.

For the reasons stated above, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.